# Atlantic Glass Co. *v.* Paulk.

*Action against Partnership, for Libel.*

1. *Judgment by default, instead of nil dicit.*—A judgment by default,
when the recitals show that it ought to have been by *nil dicit,* will be
regarded as a clerical misprision; and the irregularity is not available
on error to the defendant, since it can not prejudice him, though it
might prejudice the plaintiff.

2. *Actions against partnership.*—An action for a libel may be main-
tained against a partnership, where the wrong was done by all the part-
ners, or by one in the prosecution of the partnership business ; and such
action may be prosecuted against the partnership by its firm name
(Code, § 2904), without mentioning the names of the individual part-
ners.

APPEAL from the Circuit Court of Bullock.
Tried before the Hon. JESSE M. CARMICHAEL.

ARRINGTON & GRAHAM, for the appellant.

POWELL & CABANISS, *contra.*

SOMERVILLE, J.—The plaintiff, Paulk, commenced
suit in the court below, by attachment, in an action on the
case for libel, against the Atlantic Glass Co., a non-resident
copartnership, and recovered judgment against them by de-
fault; and, upon writ of inquiry, the jury awarded the sum
of one thousand dollars, the amount claimed in the com-
plaint. The suit was brought against the partnership by
their firm, or common name, under which they transacted
business, without designating in the process the individual
members, as authorized by section 2605 of the Code of 1886.
This section provides, that "two or more persons, associated
together as partners in any business or pursuit, who transact
business under a common name, may be *sued by their com-
mon name*; and the summons in such case [when the suit is
commenced in this mode] being served on one or more of
the associates, the judgment in the action binds the joint

[Atlantic Glass Co. v. Paulk.]

property of all the associates, in the same manner as if all had been named defendants, had been sued upon their joint liability, and served with process; any one of the associates, or his legal representative, may also be sued for the obligation of all."—Code, 1886, § 2605; Code, 1876, § 2904.

The defendant appeared by attorney in the court below, and filed a plea in abatement to the action; the substance of which was, that an action for libel was not authorized by this statute to be brought against a partnership, by their firm or common name, but only against the individual members. The court sustained a demurrer to this plea, and this is the main assignment of error insisted on by appellant's counsel.

The judgment by default, under the peculiar recitals of the judgment-entry, must be taken as a clerical misprision for a judgment *nil dicit;* and is an irregularity which does not prejudice the *defendant* in any manner, although it might be prejudicial to the plaintiff. It deprives him of no privilege of insisting on any error in this court which would otherwise have availed him.—*Dougherty v. Colquitt*, 2 Ala. 337; *McCaskey v. Pollock*, 82 Ala. 174; 1 Brick. Dig. p. 779, § 41. The record shows that, after the plea in abatement was held bad on demurrer, the defendant declined to plead further, thereby waiving all benefit of further defense. In *Rhodes v. McFarland*, 43 Ala. 95, a judgment by default had been rendered, against the express objection of the defendant, after he had appeared by leave of the court, and filed his pleas; and this was held a reversible error. In *Grigg v. Gilmer*, 54 Ala. 425, a judgment by default, entered where a judgment *nil dicit* would have been the proper entry, was held to be error, because prejudicial to the plaintiff, who was the complaining party, and for whom it may often be important for the record to show such an *appearance* by the defendant, as is imported by a judgment *nil dicit.*

The complaint alleges that the libel was published by the defendant partnership. This must, on error, be construed to mean, that it was a joint act imputable to all the members of the partnership.

We entertain no doubt of the fact, that there may be cases where a partnership is liable for the publication of a libel, as for other like tort involving constructive or legal malice. Of course, generally, where the tort complained of is the act merely of one partner, which can not be supposed to be the case here, after judgment and verdict, in view of an allegation in the complaint to the contrary, in order *then* to render

[Atlantic Glass Co. v. Paulk.]

the other partners liable, the wrong complained of must be committed by such partner in his character as partner, and in the course of the partnership business. This is necessary to show implied authority or acquiescence of his associates, such as would be necessary to make them participants in the act. But, where there is actual proof that all the partners originally participated, and the wrong is perpetrated in the course of their business, there is no room left for inference. The tort then becomes the tort of the partnership as such, for which they are jointly liable.—Parsons on Part. *149-*153 (3d Ed.), note, p. 165; 1 Lindley on Part. (Ewell's Ed.) p. 485; Cooley on Torts, p. 150; Odgers on Libel & Slander, *371.

That there may be cases where a partnership is capable of publishing a libel, so as to civilly incur damages to the injured party, is as well settled as is the liability of a corporation for a like wrong. Where a newspaper is conducted by a partnership, all of the firm have been held liable for the publication of a libel in its columns. In *Lothrop v. Adams* (133 Mass. 471; s. c., 43 Amer. Rep. 528), the malice of one partner, in such a case, was held imputable to his copartners, although a statute exacted proof of actual malice. The principle is there recognized, that one partner may be the implied agent of another to publish a libel, so as to render the partnership liable as such. It was suggested, that the logical difficulty of imputing the actual malice or fraud of one partner to another was less difficult than imputing a like wrong of an agent of a corporation to his principal. And, under the more modern decisions of the courts, as well as upon the plainest dictates of reason and common sense, corporations are held liable for all manner of torts, including libel, when shown to have been perpetrated by their direction or consent.—*Evening Journal Association v. McDermott*, 43 Amer. Rep. 382; *Johnson v. St. Louis Dispatch Co.* (65 Mo. 539), s. c., 27 Amer. Rep. 293; *Gillett v. Missouri Valley R. R. Co.*, 17 Amer. Rep. 653; *Whitfield v. South Eastern R. R. Co.*, 96 Eng. Com. Law, 113; Cooley on Torts, 121; *Denver Railway v. Harris*, 122 U. S. 597; 4 Wait's Actions & Defenses, 301, § 3. In *Philadelphia &c. Railroad Co. v. Quigley*, 21 How. (U. S.) 743, where an action for libel was sustained against a railroad company, it was said by Mr. Justice Campbell, that "it would be difficult to furnish a reason for the liability of a corporation for a fraud, under such circumstances, that would not apply to sustain an action for the publication of a libel." In *Jordan*

[Atlantic Glass Co. v. Paulk.]

*v. Ala. Great Southern R. R: Co.,* 74 Ala. 85; s. c., 49 Amer.
Rep. 800, we held that a corporation might be civilly liable
in damages for a malicious prosecution, which is analogous
in principle to an action for libel, fraud, or other like tort.

An action against a partnership, by its common, or firm
name, such as is authorized by our statute, is very analogous
to an action against a corporation, or stock company. We
are of opinion that, in authorizing such suits, it was intended
to permit any action to be brought in this mode, for which
the partnership as such could have been made liable when
sued by process designating the individual partners.—*Mc-
Caskey v. Pollock,* 82 Ala. 174; *Yarborough v. Bush,*
69 Ala. 170. And we doubt whether there is any liability for
a tort which can be fastened on a corporation, which may
not, under proper evidence, be also fixed on a partnership.
The plea of *ultra vires,* in the former case, would seem to
be as good ground of defense as a like plea in the latter,
that the partnership was not organized for the purpose of
committing torts, or that actions implying fraud and malice
were not within the scope of their legitimate business.
*Lothrop v. Adams,* 43 Amer. Rep. 528.

It being permissible to maintain an action for publishing
a libel against a partnership, where the publication is made
by the authority or acquiescence of all the partners, and in the
course of the partnership business, we hold that a like action
may be maintained against the partnership in the common,
or firm name, where all the members are shown to have par-
ticipated in, or authorized the publication, in the course of
their business. The complaint, as we have said, in legal
effect alleges this. Although the manner of making the
averment may have been so defective as to have been objec-
tionable on demurrer, yet "the complaint contains a substan-
tial cause of action;" and, for this reason, under the statute,
no judgment rendered on it "can be arrested, annulled, or
set aside, for any matter not previously objected to" by the
defendant.—Code, 1886, § 2835; 1 Brick. Dig. 776, § 34;
p. 778, § 63.

We discover no error in the record, and the judgment
must be affirmed.