## Elyton Land Co. *v.* Morgan & Co.

### Action on Account.

1. *Complaint; defective verification of account.*—In an action on an account, which is described in the complaint as "verified by affidavit before a notary public of the State of Ohio, and herewith filed," if such verification is insufficient (Code, § 2773), the defect goes to the evidence, and is not ground of demurrer to the complaint.

2. *Waiver of demurrer.*—A demurrer filed, but not called to the attention of the court, nor ruled on, must be regarded as abandoned.

3. *Judgment by default, instead of nil dicit.*—A judgment by default, instead of *nil dicit*, relates to a mere matter of form, and the irregularity is not available on error.

[Elyton Land Co. v. Morgan & Co.]

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

This action was brought by "W. J. Morgan & Co., a body corporate under the laws of Ohio," against the Elyton Land Company, and the several partners composing the firm called the Birmingham Iron Bridge & Forge Company; and was commenced on the 25th October, 1887. The complaint contained but a single count, claiming $70 "due from defendants by account on, to-wit, the 2d March, 1887; which said account is verified by affidavit before a notary public of the State of Ohio, and is herewith filed." On the 23d November, 1887, the defendants filed a demurrer to the complaint, "because said account is not verified before a duly authorized officer of the State of Alabama." The record does not show any ruling on the demurrer. On the 4th November, 1888, judgment by default was rendered for the plaintiff; and that judgment is here assigned as error, together with the failure to rule on the demurrer.

LANE & WHITE, for appellant, cited *Grigg v. Gilmer*, 54 Ala. 430.

WEATHERLY & PUTMAN, *contra*.

STONE, C. J.—There is no merit in the present appeal. The objection sought to be raised by demurrer, can not be presented in that way. Demurrer raises the question of the sufficiency of the complaint, and the present complaint is sufficient. If the affidavit to the account was insufficient, that could be raised when it was offered in evidence.—Code of 1886, § 2773. The defect, if any, went to the evidence, not to the pleadings. The demurrer was frivolous.

But, if the demurrer had been well taken, it could not avail the appellants. It was not enough that a sufficient issue was formed. Counsel should have been present to invoke the action of the court, and to represent his client. A demurrer found in the file, and neither called to the attention of the court, nor ruled on, must be regarded as abandoned. And parties permitting their suits to be tried in their absence, and without counsel, can not complain if they are treated as in default.—*Lehman Durr & Co. v. Hudmon*, 85 Ala. 135.

The objection that the judgment was by default, instead of *nil dicit*, relates to a mere matter of form, and is without

merit.—*Atlantic Glass Co. v. Paulk*, 83 Ala. 405; *McLaren v. Anderson*, 81 Ala. 106.

Affirmed.