# Hart *et al.* v. Sharpton.

## *Action in Detinue.*

1. *Error without injury in overruling demurrer.*—In an action of detinue if the defendant interposes a demurrer to the complaint on the ground that the complaint does not sufficiently describe a part of the property sued for, it is error without injury, if error at all, to overrule the demurrer when the record shows that that part of the property was not embraced in the verdict or judgment.

2. *Demurrer to plea whose averment is the mere conclusion of pleader is properly sustained.*—A demurrer is properly sustained to a plea whose averment is the mere conclusions of the pleader.

3. *When demurrer waived.*—Demurrers on which the court does not seem to have passed will be considered as waived.

4. *Plea not noticed when.*—A plea setting up alterations in a mortgage will not be noticed when such alterations are obviously immaterial and are not noticed in the evidence.

5. *Alterations in mortgage, when it is and when it is not incumbent on mortgagee to explain.*—Where changes appear in a mortgage that do not appear to be suspicious and obviously material and beneficial to the party claiming under the mortgage, it is not incumbent on such party to explain them— they are self-explanatory. But where the contrary is the case, and the alterations are suspicious and beneficial to the party claiming under the mortgage, it is incumbent on him to explain the alterations by showing that they were in fact no alterations at all, or were done with the consent of the parties to be charged.

6. *Error without injury.*—If there was no proof in a case brought on an instrument providing for attorney's fees, as to what was a reasonable attorney's fee, and it is clear that none was allowed by the jury, it was error without injury that evidence was admitted that the instrument was given to an attorney for collection.

7. *Recording fee; when part of mortgage.*—Where a mortgage provides for the payment by the mortgagor of the expenses of executing the same and that the mortgagee on foreclosure should devote "the proceeds of the sale to payment of all costs and expenses incident to this mortgage" the recording fee is

[Hart et al. v. Sharpton.]

such an incident and becomes under its stipulations a part of the mortgage debt within the intention of the parties in executing the mortgage.

8. *Evidence prematurely admitted; error cured.*—If evidence is prematurely admitted the error is cured when other evidence making it admissible is introduced.

9. *Record of mortgage; evidence to show no alteration in mortgage.* Where the question is whether a mortgage recorded on the day it was executed has been altered since its execution, the record of the mortgage is proper evidence to show that it corresponds with the mortgage, and hence there was no alteration since the recording took place.

APPEAL from Cullman Circuit Court.

Tried before Hon. H. C. SPEAKE.

Action of detinue by D. S. Sharpton against J. K. Hart and another to recover one grist mill, one gin and press, together with all the fixtures belonging thereto. A demurrer to the complaint on the ground that the description of the property sued for was vague and uncertain, was overruled. The plaintiff claimed the property by virtue of a mortgage executed to him by one Holmes; the defendants claimed it by purchase from Holmes. The defendants relied in part on a receipt alleged to have been given to Holmes by the plaintiff acknowledging payment in full of the mortgage debt. But the evidence showed that this receipt was not executed by Sharpton himself, but by W. G. Brown as his attorney by indorsement on the mortgage. The other facts appear in the opinion.

Plea No. 3 is as follows: "That the mortgage under which the plaintiff claims has been altered as to its conditions and provisions without the knowledge or consent of defendants which said alterations are apparent upon its face." Charge No. 8, given to the plaintiff is as follows: "The court charges the jury that the burden is upon the defendant to prove to the satisfaction of the jury that the notes and mortgage was changed after it was signed and delivered to Sharpton." Charge 9 states that a mortgagee is not required to enter partial payments on the record of a mortgage until requested. Charge No. 10 given to plaintiff was as follows: "The court charges the jury that they may consider the testi-

mony of A. L. Hays, the clerk in the probate judge's office, as to the filing and recording of the notes and mortgage, and the record of the same in the mortgage book or record, offered in evidence."

J. B. BROWN, for appellant.—For indefinite description of property in the complaint, demurrer should have been sustained.—*Jackson v. Anderson,* 82 Ala. 302; *Green v. Lewis,* 85 Ala. 221. (2). The burden was on the plaintiff to explain the alterations in the mortgage. *Hill v. Nelms,* 86 Ala. 442; *Barliff v. Treece,* 77 Ala. 522; *Harris v. Bank,* 1 South. 140; *Holmes v. Harris,* 96 Ala. 288. (3). The plaintiff as against the defendants estopped to explain the receipts on the mortgage as they were induced by them to purchase.—*Demerco v. Williams,* 12 South. 552; *Cleere v. Cleere,* 82 Ala. 581; *Maxwell v. Moore,* 95 Ala. 156; *Mullen v. Griwn,* 15 South. 236. (4). Charge No. 8 bad in that it misplaces the burden of proof.—*Hill v. Nelms,* 86 Ala. 442.

Charge No. 10 bad in giving undue prominence to certain testimony.—*A. G. S. R. R. Co. v. Hill,* 93 Ala. 514; *Steed v. Knowles,* 97 Ala. 573.

WILL G. BROWN, *contra.*

No brief came to reporter:

HARALSON, J.—Detinue for the recovery of chattels in specie.

1. We need not decide whether or not the complaint was liable to the objection raised to it by demurrer, for that its description of the fixtures belonging to the gin and press sued for, was insufficient. The mill alone of all the property described in the complaint was recovered by the plaintiff. There was no verdict for the gin or press or either of them and their fixtures; and the judgment, answering the verdict, was for the mill or its alternate value. So, if there was error in overruling the demurrer, it was without injury to defendants,—the appellants.

2. The demurrer to the 3rd plea was, that it did not show in what way or manner the mortgages under which the plaintiff claimed, had been materially altered or

changed. The averment as to said alleged alterations, was the mere conclusion of the pleader, and the demurrer was properly sustained. This was the only plea to which a demurrer was sustained. It does not appear that the court passed on the demurrers to the other pleas, and they will, therefore, be treated as having been waived. *Walker v. Cuthbert,* 10 Ala. 213; *E. L. Co. v. Morgan,* 88 Ala. 434.

The case was tried upon the 1st plea,—that of the general issue; the 2nd and 5th, in substance, that the mortgage debt had been fully paid, before the commencement of this suit; the 6th, that the note, which the mortgage was given to secure, was tainted with usury and void as to the interest, and that defendants hold the mortgage property under a purchase from the mortgagor, J. H. Holmes; and 7th, that since the execution of the note, the same had been changed in a material sense, without the consent of the maker, in that the note as executed, read with 8 per cent. interest per annum from date, which was the 24th day of March, 1894, and the word *date* was stricken out, and in its place, the words, "January 20th, 1893," were inserted in lieu thereof. It is unnecessary to notice the 3rd amended plea, setting up alterations in the mortgage, since such alleged alterations are obviously immaterial and are not noticed in the evidence.

3. The note and mortgage were, it appears, executed by J. H. Holmes to the plaintiff, D. S. Sharpton, and were on printed forms with appropriate blanks, gotten up by said J. H. Holmes for other persons to execute to him for advances or loans he would make to them. To adapt such blanks to his purposes when he came to give a mortgage to another person, to whom he became indebted and used one of these blanks, certain changes or alterations in the printed blank forms, were necessary to be made. Without such changes, if using these forms himself, as the payor of a note, and mortgagor in a mortgage to secure it, he would appear both as payor and payee in the note, and mortgagor and mortgagee in the mortgage. Where such changes appear, therefore, they do not appear to be suspicious and obviously material and beneficial to the party claiming, making it incum-

bent on him to explain them. They are self-explanatory. It is different from the alteration set up in the 7th plea. That one, was suspicious and obviously beneficial to the plaintiff, and it became him to explain the alleged alteration, by showing that it was in fact no alteration at all, or was done with the consent of the party to be charged. The rule as to the burden of proof in such cases is laid down very explicitly in *Hills v. Nelms,* 86 Ala. 442, and *Montgomery v. Crossthwait,* 90 Ala. 553.

4. The note contained the clause, "In case this note is not paid at maturity, I agree to pay in addition to the above sum and interest, a reasonable attorney's fee for the collection of the same." The mortgage contained the same provision for an attorney's fee in case of foreclosure. The note and mortgage were executed at the same time and with reference in the latter to the former as a security therefor. Whether in construing them together as one instrument, it should be held that an attorney's fee for collection was to be due and owing only in the event of foreclosure, we need not now decide, for reasons that will appear. The court allowed the plaintiff, against the objections and exceptions of defendants, to prove that he placed the note in the hands of an attorney for collection, after its maturity and non-payment, and before suit brought. This evidence was admitted as a basis for proving an attorney's fee for collection, as to the part of the debt remaining unpaid; but there was no proof as to what was a reasonable attorney's fee, and it is very clear, that there was none allowed or taken into account by the jury in rendering their verdict. At most, therefore, such evidence, if improper, was error without injury.

5. The mortgage provided in the first instance, for the payment by the mortgagor of the expenses of executing the same, stipulating "If I fail to pay or cause said note and expenses to be paid at maturity in part or in full," then a foreclosure in the manner prescribed was provided for, and stipulating further that the mortgagee should devote "the proceeds of said sale to payment of all costs and expenses incident to this mortgage." The court allowed the plaintiff to prove, against defendants' objections, that he recorded the mortgage, and paid the

judge of probate 60 cents as a recording fee. This fee it would seem was incident to the mortgage and became, under its stipulations, a part of the mortgage debt within the intention of the parties in executing the mortgage.

6. The original note and mortgage were introduced in evidence by the plaintiff. The defendants objected to the introduction of the mortgage, because it bore evidence on its face of erasures and interlineations, and changes that had not been explained, and because the indorsements on it showed that it had been paid, and showed no title in the plaintiff. The indorsements referred to were: "Received $30 on this mortgage, this, 20th day of December, 1894. Will G. Brown per F. J. B.;" and, "Received this, February 1st, 1895, $30.35, principal and interest to date on the within mortgage. W. G. Brown, Attorney for Sharpton."

As we have seen, the mortgage bore on its face evidences of a material change in it, and the indorsements, *prima facie*, showed payment in full, and satisfaction of the mortgage debt. Without an explanation of these matters,—such as would tend to show that the alleged change had not been made in the mortgage, but that it was then, as to that matter, just as it was written and executed in the beginning, and that there was a mistake in the recitals of said receipt, of the payment of said mortgage, and that the same was incorrect,—the evidence was not properly admissible at the time it was offered. It was certainly prematurely admitted. But, the plaintiff, seeming to recognize that the burden was on him to make these explanations, assumed it, and proceeded to offer evidence tending to show that no change whatever had been made in said mortgage, and further, that the indorsement of satisfaction of the mortgage, was a mistake, brought about by a failure to observe that the note bore interest from a date anterior to that up to which it was calculated when the indorsement was made. This proof rendered the mortgage admissible in evidence, and cured the error of its premature admission. The defendant offered evidence tending to show, that the alleged alteration in the mortgage had been made since it was executed by him and was made without his knowledge or consent, and that said indorsement spoke the

truth. It thus became a matter for the jury to determine, which phase of the evidence they would believe.

7. The mortgage was attested by one witness, and was duly recorded in the probate court. It had not been proved or attested as required by section 992 of the Code to make it self-proving, when "it appears to the court that the original conveyance has been lost or destroyed, or that the party offering the transcript has not the custody or control thereof." The plaintiff offered in evidence the record of this mortgage as made in the record book of mortgages in the probate office. The defendants objected on grounds, among others, that the original was not lost or destroyed, but was in court and had been introduced in evidence, and because the evidence offered was illegal and immaterial. The mortgage was dated the 24th March, 1894, and was filed for record and recorded the same day, a short time after its execution. The object of the evidence, manifestly, was to show that its record corresponded with the original in evidence, and that it had not been altered since the date of its filing and record. This purpose is the more manifest, since in the same connection, the plaintiff introduced the witness, Luther Hays, who was clerk in the probate office at the time, and whose testimony tended to show, that the record did correspond with the original in evidence, and each contained the same date from which the note was to bear interest,—from the 20th January, 1893. For the purposes for which offered, it seems that the record of mortgage was properly admitted against the objections interposed.

8. The defendants sought to prove that they bought the mortgaged property from the mortgagor on information from him, that he had a receipt from the mortgagee, showing that the mortgage had been paid; but the proof was disallowed. The defendants contend, that as to them, the plaintiff is estopped by his receipt from denying that the mortgage had been satisfied, and that he cannot now explain the receipt and show that it was given in mistake. Both contentions are unsound. The plaintiff, in person never informed defendants that the mortgage was satisfied, and that he had no further claim on the property, nor had he satisfied the mortgage on the

records so far as appears. They will be held at law to have known, that a receipt given on the payment of money, whatever may be its terms, is open to explanation or contradiction, and by parol may be shown to have been given in mistake of fact or by surprise.—*Cowan v. Sapp,* 74 Ala. 44; *Cleen v. Cleen,* 82 Ala. 581.

9. Charge No. 8 for plaintiff should not have been given. The burden was on the plaintiff, under the facts of the case, to show that the note and mortgage were not materially altered after they were signed by Holmes and delivered to the plaintiff. The 9th was abstract, as there was no proof in respect to the matter to which it refers, and the 10th was argumentative, and neither should have been given, but for such charges the cause would not be reversed. In the other charges given for plaintiff, we discover no reversible error. There was no error in refusing the two charges requested by defendant.

For the errors indicated, the judgment will be reversed and the cause remanded.

Reversed and remanded.