[Hines v. Tribble]

# Hines *v.* Tribble.

## *Certiorari.*

(Decided Dec. 21, 1911.  57 South. 265.)

1. *Certiorari; Remedy; Common Law.*—Common law certiorari will not lie to review a judgment where the remedy by appeal is ultimately complete.

2. *Same; Justice of the Peace; Review.*—Where plaintiff gave bond in a detinue suit as required by section 3780, code 1907, error in rendering judgment for defendant without assessing the value of the property as required by section 3781, Code 1907, did not render the judgment void, and the remedy by appeal was adequate, and hence, common law certiorari would not lie to review it.

3. *Same; Statutory Writ.*—Where the petition for a common law certiorari was sufficient to sustain the statutory writ, and the bond given complied with section 4714, Code 1907, the writ issued may be treated as a statutory writ having the effect of removing the case to the circuit court for a trial de novo; although, considered as a common law writ, it was improperly issued because the judgment was merely erroneous and hence, reviewable on appeal.

4. *Same; Review; Jurisdiction.*—Where a case is removed to a circuit court by a statutory writ of certiorari, if the record shows that the judgment was merely erroneous, the circuit court should try the case anew, and not render judgment quashing the judgment of the justice of the peace.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Certiorari by George Tribble to review a judgment rendered by a justice of the peace in favor of Ellen Hines against him. From a judgment quashing the justice's judgment, the defendant in the writ appeals. Reversed and remanded.

BLACK & DAVIS, for appellant. The judgment of the inferior court was defective merely, and not void, and hence, the petitioner was not entitled to a common law writ.—*Clemm v. Wise,* 133 Ala. 408; *Rose v. Pearson,* 41 Ala. 692; *Jones v. Pullen,* 66 Ala. 310. The judg-

ment of the inferior court was sufficient as a matter of law.—24 Cyc. 589 and 601; 6 Ala. 12; 7 Port. 37; 112 Ala. 488.

C. D. RITTER, for appellee. The judgment in the justice court was not such as would support an appeal, and hence, common law certiorari was the remedy—*Interstate P. Co. v. Am. P. A'ssn.,* 102 Ala. 475. In the trial of the common law certiorari, the court must render a judgment on what appears on the face of the record.— *Town of Camden v. Bloch,* 65 Ala. 236. The judgment of the inferior court was void.—Sec. 3781, Code, 1907; 6 Cyc. 761; *Gray v. Southern Ry.,* 116 Ala. 654; *McAllilley v. Horton,* 75 Ala. 491, and authorities supra. Common law writ was the remedy.—*Stanfield v. Dallas,* 80 Ala. 287; 6 Cyc. 756.

WALKER, P. J.—The petition for the writ of certiorari in this case in showing the rendition by the inferior court of a merely erroneous judgment in a cause of which it had jurisdiction of the subject-matter and of the parties, from which judgment an appeal lay, disclosed that it was not a case for the issuance of the common-law writ of certiorari, as in civil cases, when the remedy by appeal affords full and complete redress, the common-law writ of certiorari may not properly issue.—*Lawler v. Lyness,* 112 Ala. 386, 20 South. 574; *Independent Publishing Co. v. American Press Association,* 102 Ala. 475; 15 South. 947.

Its showing that in the detinue suit, in which the petitioner as the plaintiff made the bond provided for by section 3780 of the Code of 1907, and thereby secured the delivery to himself of the property sued for, there was a judgment for the defendant, without any assessment of the value of the property, as required by section 3781 of the Code, was a showing of a mere error in the pro-

ceedings which was curable on a trial *de novo* on appeal.
—*Clem v. Wise,* 133 Ala. 403, 31 South. 968; *Jernigan v. Willoughby,* 159 Ala. 650, 58 South. 812; *McCullough v. Floyd,* 103 Ala. 448, 15 South. 848.

As the petition could be regarded as sufficient to sustain a statutory writ of certiorari issued under it, and as the bond given to secure the issuance of the writ under the order made by the circuit judge on the presentation of the petition to him was in compliance with the requirements of the statute (Code, § 4714) as to the bond to be given to secure the issuance of the statutory writ of certiorari, the writ issued may be treated as the statutory writ of certiorari, having the effect of removing the case into the circuit court for trial there de novo.—*Guscott v. Roden & Co.,* 112 Ala. 643, 21 South. 313; *Wright v. Hurt,* 92 Ala. 591, 9 South. 386; *Webb & Stagg v. McPherson,* 142 Ala. 540, 38 South. 1009.

The case thus being in the circuit court for another trial, and the record brought up not disclosing that the judgment rendered by the inferior court was void because of its lack of jurisdiction either of the subject-matter or of the parties, but showing only that it was merely irregular and erroneous, the court was in error in rendering the judgment quashing the judgment of the inferior court, instead of proceeding to try anew the case so removed to it, and to render the proper judgment in it.

Reversed and remanded.