[Endowment Department District Grand Lodge No. 23 G. U. O. O. F. v. Harvey.]

# Endowment Department District Grand Lodge No. 23 G. U. O. O. F. v. Harvey.

## *Assumpsit.*

(Decided December 19. 1912. 60 South. 602.)

1. *Mandamus; Appeal; Remedy.*—Appeal is the proper remedy for reviewing a final judgment refusing to grant a rehearing; mandamus is not available to this end.

2. *Judgment; Default; Opening; Statute.*—Under section 5372, Code 1907, an application for rehearing filed more than four months after a default judgment was rendered was properly denied.

3. *Same; When Proper.*—Where demurrers to the complaint are on file the judgment should be nil dicit and not by default.

4. *Certiorari; Grounds; Nature and Scope.*—Certiorari is not available to correct errors or irregularities not affecting the jurisdiction of the trial court, but will lie to quash the judgment of such court when void on its face, and not merely voidable; it may not be substituted for an appeal.

5. *Same; Grounds; Void Judgment.*—Where the action was on a benefit insurance certificate which was signed by H. as D. G. M., of the Order, and the complaint alleged that the defendant was an unincorporated association, and inferentially that it issued policies or certificates to its members in the county wherein suit was brought, a default judgment deciding that it was proved to the satisfaction of the court that service of the summons and complaint was had on M. as District Grand Master of the defendant, and that he was the proper person upon whom service should be made, was not void on its face for failure to show proper service, in view of Acts 1909, p. 279; the recital that M. was the proper person instead of the proper officer on whom service should be made being sufficient in view of the reference to his title which was the same as that imported by the abbreviations accompanying the signature of the officer who signed the certificate.

[Endowment Department District Grand Lodge No. 23 G. U. O. O.
v. Harvey.]

6. *Same.*—Where the default judgment showed an appearance by the defendant by filing demurrers to the complaint, it showed sufficient evidence of jurisdiction to preclude attack by certiorari, even though the recitals relative to service of process were insufficient to support the judgment.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Annie Harvey against the Endowment Department of District Grand Lodge No. 23, of Alabama, of the Grand United Order of Odd Fellows. From a judgment dismissing an application for a rehearing after a default judgment for plaintiff, defendant appeals, and moves for writs of mandamus and certiorari. Motions denied, and judgment affirmed.

The second count of the complaint, mentioned in the opinion, was as follows:

"Plaintiff claims of the defendant the sum of $500, with interest thereon since the 22d day of February, 1907, for that on the 3d day of January, 1907, the following policy of insurance was issued by the Endowment Department of the District Grand Lodge of Alabama, No. 23, of the Grand United Order of Odd Fellows:

" '$500.00.    Amicitia Amor et Veritas    No. 21690.
" 'Endowment Department of the District Grand Lodge
No. 23, of Alabama, G. U. O. of O. F.

" 'Know Ye, All men:    This certificate witnesseth that Robert Harvey is a member of St. Paul Lodge No. 6995 of the G. U. O. of O. F., in the city of Rice, state of Alabama. In consideration thereof the Endowment Department of the District Grand Lodge of Alabama, No. 23, G. U. O. of O. F., will pay, in sixty days after due proof of the death and good standing in his lodge and the order at the time of his death, to his widow, orphans, or person named as his beneficiary, as he may designate, five hundred dollars.

[Endowment Department District Grand Lodge No. 23 G. U. O. O. F.
v. Harvey.]

" 'Before the above amount can be claimed, due proof must be filed in the office of the Endowment Department that the deceased complied with all of the laws of the Endowment Department, and this certificate must be surrendered to the Secretary of the Endowment Department of the District Grand Lodge No. 23, of Alabama, G. U. O. of O. F. Upon the payment of five hundred dollars to the person or persons designated by the member as his beneficiary, the liability of the Endowment Department of the District Grand Lodge No. 23, of the State of Alabama, ceases.

" 'This certificate is issued and held subject to the laws, rules, and regulations of G. U. O. of O. F. now in force, or that may be hereafter adopted, or any by-law, that may be adopted by the B. M. C. of the Grand United Order of Odd Fellows of America, as well as the laws of the State of Alabama governing fraternal beneficial associations. If the member named in this certificate becomes not financial, suspended, expelled, or forfeited in his lodge or the order, this certificate is null and void, and no claim for benefits will be considered by the department thereunder.

" 'Before the above-named five hundred dollars can be claimed the above-named member and his lodge must have complied with the following constitution governing the Endowment Department of the District Grand Lodge No. 23, G. U. O. of O. F. :

" 'Article 1. Membership. Section 2. The Endowment Membership fee shall be two dollars per month.

" 'Section 3. Each member shall pay into the lodge an annual tax of two cents.

" 'Section 4. Each lodge in the month of January, and annually thereafter, must forward to the Endow-

16 CA

ment Secretary five cents each for the number of financial members on its roll.

" 'Article Four. Endowment. Section 1. Each member shall pay into this lodge thirty-five cents per month endowment on the first meeting.

" 'Section 2. Each lodge shall on or before the 10th of each month forward to the Endowment Secretary thirty-five cents for each financial member of said lodge roll, the same to be charged to each member as are other taxes as regular lodge dues.

" 'Section 3. Any lodge two months in arrears for endowment shall be suspended and reported to the D. G. L., and no member of said lodge shall be entitled to insurance under this plan. The failure of the above-named member or his lodge to comply with above requirements renders this policy null and void. The Enment Department is not responsible for the P. S. collecting endowment and failing to send it to the Endowment Secretary within the required time. Failure of lodge to send off its endowment to Endowment Secretary works a hardship on its members.

" 'Be it remembered that the Endowment Department of the G. U. O. of O. F. of the State of Alabama, is not for gain or general business purposes, but solely for the benefit of the members of the lodges in good standing of the Grand United Order of Odd Fellows in the state of Alabama.

" 'In witness whereof, the said Endowment Department of the District Grand Lodge of Alabama, No. 23, of the Grand United Order of Odd Fellows, has issued this certificate to the above-named party, this the 3d day of January, 1907.

" 'C. A. Howse, D. G. M.

" 'Attest: H. A. Knox, End. Secy.

" 'I hereby name as my beneficiary Annie Harvey of Rice, Alabama, she bearing the relation of mother to me.                    [Signed] Robert Harvey.

" 'Witness:   Noah Harvey. [N. S.]

" 'R. L. Bryan. [N. S.]'

"Plaintiff avers that Robert Harvey, the party named in said policy, died on, to wit, the 22d day of February, 1907, and that at said time he had complied with all the laws of the Endowment Department of the Grand United Order of Odd Fellows of the State of Alabama, and that due proof has been filed of said fact with said defendant, with an offer to surrender this policy to the said defendant upon the payment of $500 to plaintiff. Plaintiff avers that said Robert Harvey at the time of his death was a member of St. Paul Lodge No. 6995, of the G. U. O. of O. F., in the city of Rice, state of Alabama, in good standing, had complied with all the requirements of said policy, and that the said subordinate lodge of which he was a member had complied with all the requirements of said policy, and was in good standing with the Endowment Department of G. U. O. of O. F.   Plaintiff further avers that the Endowment Department of the District Grand Lodge of Alabama, No. 23, of the Grand United Order of Odd Fellows, is an unincorporated organization or association, and that this policy is the property of the plaintiff."

C. B. POWELL, for appellant.   The judgment does not recite that Mitchel was the proper officer at the time of service, and the judgment is void.—*Ex parte Nat. L. Mfg. Co.,* 146 Ala. 600; *Hoffman v. Ala. Dis. Co.,* 124 Ala. 542; *Independent P. Co. v. Am. Pr. Assn.,* 102 Ala. 475; *M. & C. R. R. Co. v. Branon,* 96 Ala. 461.   The demurrer was interposed and the court was without

power to render judgment by default.—*Ex parte Hayes*, 140 Ala. 196. The contract set out is the contract of the lodge, and yet the lodge is not sued, and service was had upon the D. G. M., of the lodge, and not upon the endowment department.—*M. & C. v. Brannon, supra; Hill v. Endow. Dept.*, 57 South.

BLACK & DAVIS, for appellee. No appeal lies for refusing to set aside judgment by default, or for doing so.—*Ledbetter v. Vinton*, 108 Ala. 644; *Allen, et al. v. Lathrop, et al.*, 90 Ala. 490; *Truss v. B. L. G., etc.*, 96 Ala. 316. The court has no power over a judgment after the thirty days have expired.—*Ex parte Payne*, 130 Ala. 169. A void judgment will not support an appeal.—*Adams v. Wright*, 129 Ala. 305; *Barber v. The State*, 39 South. 318. The proper way to reach errors in judgment by default because of pleas on file is by appeal.—*Green v. Jones*, 102 Ala. 303; *Clements v. Mayf. Woolen Mills*, 128 Ala. 332; *Ex parte Hayes*, 140 Ala. 196. Where a defendant appears, such a judgment is harmless error.—*Atlanta Co. v. Paulk*, 83 Ala. 404; *Elyton L. Co. v. Morgan*, 88 Ala. 434; 90 Ala. 462. The court must look to the record on certiorari, and cannot get assistance from the bill of exceptions.—*Ledbetter v. Vinton, supra.*

THOMAS, J.—On January 7, 1911, the appellee, Annie Harvey, obtained a judgment by default in the circuit court of Jefferson county against appellant. On May 11, 1911—more than four months after the rendition of the said judgment—appellant, defendant below, filed with the judge of said court an application for rehearing under the provisions of section 5372 of the Code, whereupon supersedeas was ordered and issued as provided in section 5374 of the Code. On June 29, 1912,

at a regular term of said court, upon regular trial of
the application as provided by law, there was judgment
and order denying and dismissing the application and
quashing the supersedeas previously issued. From this
judgment alone the appeal here is prosecuted.

The record here filed includes, not alone the proceed-
ings of the lower court on such application for rehear-
ing, together with a bill of exceptions then taken, but
also all the proceedings in the original cause. On this
record, in connection with the submission of the ap-
peal from the judgment denying the application for re-
hearing, is submitted a motion for a writ of mandamus
to the lower court to require it to vacate the said or-
der and judgment denying the application for rehear-
ing and dismissing the application, and also a motion
for a writ of certiorari or other appropriate writ neces-
sary to a review of the proceedings and judgment in the
original cause.—*Ex parte Tower Mfg. Co.*, 103 Ala. 415,
15 South. 836.

The motion for a writ of mandamus is denied; for
according to the settled practice of the Supreme Court
of this state an appeal is the proper remedy for re-
viewing the final judgment of the lower court in refus-
ing to grant a statutory rehearing.—*O'Neal v. Kelly*,
72 Ala. 559; *Brazel v. New South Coal Co.*, 131 Ala. 416,
30 South. 832; *Ex parte Campbell*, 130 Ala. 171, 30
South. 385.

Considering, then, the appeal: It is sufficient to
say that the record affirmatively shows that the appli-
cation for rehearing was filed after the lapse of more
than four months from the rendition of the judgment,
and this, without considering other grounds, justifies
and necessitates the affirmance of the judgment of the
lower court denying and dismissing the application for
rehearing.—Code, § 5372.

There remains to be considered only the motion for the writ of certiorari, by which it is sought to have us review the original judgment. Such a writ is not a substitute for appeal, and is not available to correct errors or irregularities in the proceedings of the lower court not affecting jurisdiction, but will lie to quash the judgment of such court when, upon its face, it is void, as contradistinguished from voidable.—*Guscott v. Roden,* 112 Ala. 637, 21 South. 313; *Independent Pub. Co. v. American Press Asst.,* 102 Ala. 493, 15 South. 974.

Appellant insists that the judgment by default is void for the following reasons, to wit: (1) Because the record does not show that proof was made that Mitchell, the person upon whom the original summons was executed, was an officer of defendant. (2) Because the record shows that demurrers to the complaint had been filed before and were on file at the time the judgment by default was rendered, and that under the practice act governing the court its action in rendering judgment by default was void. (3) Because the defendant, the Endowment Department of the District Grand Lodge of Alabama, No. 23, of the Grand United Order of Odd Fellows, is neither an incorporated nor an unincorporated association or entity, and is not suable as such —the real party suable, it is contended, being the District Grand Lodge itself of the fraternal order named, and not the Endowment Department thereof.

As to the first proposition, a quotation from the judgment entry itself is a sufficient answer. The judgment recites: "On this the 7th day of January, 1911, came the plaintiff by attorney, and it being proved to the satisfaction of the court that service of summons and complaint in this cause was had on P. T. Mitchell *as District Grand Master of the defendant,* and *that he*

*was the proper* person *upon whom service should have been made,* and the defendant, being solemnly called, came not, but made default, and no pleas being filed, it is considered by the court," etc.   It is alleged in the complaint that the defendant is an unincorporated association, and it is therein inferentially, if not expressly, shown that it issues policies or certificates of insurance to its members, and does so in Jefferson county; and therefore the summons and complaint could be properly executed by leaving a copy thereof with any officer of such organization or association.—Acts Ala. Sp. Sess. 1909, p. 279.

The recital in the judgment entry that service was made on P. T. Mitchell as District Grand Master and that he was the proper *person* upon whom service should have been made," instead of reciting that "he was the proper *officer* upon whom service should be made," is sufficient, since the title by which he was described was the title imported by the abbreviations accompanying the signature of the officer who signed the policy sued on.   Besides, even granting that the recitals in the judgment entry are insufficient to support a judgment by default, the record affords other ample evidence to support the jurisdiction of the court, since it shows an appearance by appellant in filing demurrers to the complaint.   With these demurrers on file, technically the judgment should have been "nil dicit," instead of "by default."   But this technical error on the part of the court would not and did not destroy the jurisdiction of the appellant, which it had acquired by its appearance.

As to the second proposition :  The fact that the court rendered judgment by default against defendant when demurrers were on file, while error, yet does not render

the judgment void, and the error cannot be corrected by common-law certiorari. Appeal is the proper remedy for this, as decided in *Ex parte Haynes,* 140 Ala. 198, 37 South. 286. See, also, *Elyton Land Co. v. Morgan,* 88 Ala. 434, 7 South. 249; *Atlantic Glass Co. v. Paulk,* 83 Ala. 404, 3 South. 800; *Schwarz v. Oppenheimer,* 90 Ala. 462, 8 South. 36.

The third proposition—that the suit should have been against the District Grand Lodge, No. 23, of the Grand United Order of Odd Fellows, instead of against the Endowment Department of such lodge—is equally untenable. This is apparent from an inspection of the policy of life insurance sued upon, which is copied in full and made a part of the second count of the complaint. (The reporter will set out this count ipsissimis verbis in his report of the case.) The contract of insurance upon its face, as will be observed from a mere casual reading of it, fixes the obligation to pay upon the Endowment Department. They, or it, are the promisors upon the face of the instrument, and they, or it, by such promise make themselves, or itself, an association of persons to be sued. The contract is presumed to have been executed by their authority, in the absence of a sworn plea of non est factum. It is true that in the case of *District Grand Lodge No. 23 of United Order of Odd Fellows v. Hill,* 3 Ala. App. 488, 57 South. 147, this court held, under the facts proved in that case, in connection with the policy, that on such a policy as that here considered the District Grand Lodge was also liable to the insured; but we did not hold, or mean to hold, that the Endowment Department would not have been liable, if the beneficiary had chosen to sue them or it. On the face of the policy the Endowment Department was the only person or association liable; but in

[Stone v. Goldberg & Lewis.]

the case cited, wherein the District Grand Lodge was sued, proof was made of the constitution and by-laws, etc., of the order, showing by them the liability of the District Grand Lodge upon a contract made by and in the name of the Endowment Department thereof.

An agent who makes a contract without disclosing that he is acting for another is personally liable, and that is the case at bar.—4 Mayfield's Dig. p. 544 et seq. But the other party to the contract, upon discovering the principal, may under some circumstances hold the principal liable, and that was the case in *District Grand Lodge, etc. v. Hill, supra.*

Motion for certiorari is also denied, and the judgment of the lower court, denying and dismissing the application for rehearing, is affirmed.

Affirmed.