### LINCH v. SCOTT. (4 Div. 786.)

(Court of Appeals of Alabama. June 30, 1922.)

**1. Justices of the peace ⊂⇒205(7)—Invalidity of proceedings below must appear from record.**

On certiorari to quash proceedings in a justice court, the invalidity thereof must appear from the record, which must proclaim its own invalidity or fail to show that the court acquired jurisdiction to render the judgment or order complained of.

**2. Appeal and error ⊂⇒1091(2)—Motion to require security for costs may be conceded to have been considered, though not shown to have been filed.**

Since strict formality as to pleading in the justice court is not required, and motions may be oral, it may be conceded, on appeal from an order refusing a writ of certiorari to review a judgment for a nonresident plaintiff, who did not give security for costs, that a motion to require him to do so, though not shown to have been filed, was properly made and considered.

**3. Costs ⊂⇒136—Judgment for nonresident plaintiff failing to give security for costs not void.**

Whether plaintiff, in an action in a justice court, is a nonresident, required by Code 1907, § 3687, to give security for costs, is for the justice, whose judgment for him would not be void, even if he were a nonresident and failed to give security and a motion to require him to do so was made and considered, such failure being, not a jurisdictional matter, but a mere irregularity, which may be waived, as distinguished from a nullity, which cannot be waived.

**4. Justices of the peace ⊂⇒194(1)—Remedy for refusal to require security for costs from nonresident plaintiff is by appeal.**

The remedy for a justice's refusal to require security for costs from a nonresident plaintiff, in whose favor judgment is rendered, is by appeal, not by certiorari.

**5. Certiorari ⊂⇒5(1)—Petitioner, having complete and adequate remedy by appeal, not entitled to writ.**

Where a petitioner for a common-law writ of certiorari to annul a judgment has a complete and adequate remedy by appeal, he is not entitled to the writ.

**6. Appeal and error ⊂⇒1073(2)—Judgment by default instead of nil dicit is error without injury.**

Judgment by default, when it should be by nil dicit, is error without injury.

**7. Appeal and error ⊂⇒934(3)—Judgment nil dicit sustained, though pleas are on file.**

A judgment nil dicit will be sustained, though pleas are on file; the presumption being that defendant was in court and did not attempt to sustain his pleas.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Certiorari by Edgar Linch to review and annul a judgment of the justice court against him and in favor of Dr. Sam Scott. From an order denying the writ, petitioner appeals. Affirmed.

O. S. Lewis, of Dothan, for appellant.

The judgment should be annulled for failure of the justice to require of plaintiff security for costs. Sections 3687, 4713, 4720, Code 1907; 29 Ala. 698. The writ should

have been granted, or the judgment should have been sustained. 83 Ala. 304, 3 South. 761; 80 Ala. 287; 53 Ala. 49; 102 Ala. 475, 15 South. 947; 178 Ala. 394, 59 South. 483; 160 Ala. 374, 49 South. 341; 6 Ala. App. 236, 60 South. 555.

Reid & Doster, of Dothan, for appellee.

Brief of counsel did not reach the Reporter.

MERRITT, J. This is an appeal from an order or judgment of the circuit court of Houston county, refusing to grant to appellant a common-law writ of certiorari, whereby it was sought to annul, vacate, and declare void a certain judgment rendered by a justice of the peace against the appellant and in favor of the appellee.

[1] The contention is made that the proceedings before the justice are void because the justice failed to require the appellee, plaintiff in the justice court, to give security for cost; it being contended that he was a nonresident, and because the justice rendered judgment by default against appellant, with his plea of the general issue, filed in said justice court undisposed of. To authorize us to quash the proceedings in the justice court, the invalidity must appear from or by an inspection of the record itself. · It must proclaim its own invalidity, or it must fail to show that the court acquired jurisdiction to render the judgment or order complained of. Benedict v. Commissioners of Mobile County, 177 Ala. 52, 58 South. 306; Dean v. State, 63 Ala. 154; Town of Camden v. Bloch, 65 Ala. 239; Mayfield v. Tuscaloosa County, 148 Ala. 548, 41 South. 932; Cushman v. Blount County, 160 Ala. 227, 49 South. 311.

[2] The motion to require the appellee to give security for cost does not appear to have been filed in the justice. court, but on account of the fact that strict formality as to pleading in the justice court is not required, and that motions may be oral and not required to be in writing, it may be conceded that the motion was properly made and considered. Freeman v. Speegle, 83 Ala. 191, 3 South. 620; Abrams v. Johnson, 65 Ala. 465; Martin v. Higgins, 23 Ala. 775.

[3] However, so far as the proceedings appear here, presuming the consideration of this motion, this court cannot say that the appellee was a nonresident, and that he was on this account within the terms of the statute that required his giving bond. This was a matter for the determination of the justice of the peace, and, should he have been a nonresident, and have failed to give such security, this would not have made the judgment against appellant void. This was not a jurisdictional matter, but a requirement that the proceedings should be dismissed on motion. Section 3687, Code of Alabama.

It cannot be doubted but that appellant could have waived the question of the appellee giving security for cost in the justice court. In other words, if the appellee had not given security for cost on the filing of the suit, and no motion has been made to this effect, and judgment had been rendered for appellee, it must be clear that the judgment would not be void on this account. The failure to require the giving of security for cost is a mere irregularity. It is difficult sometimes to distinguish between an irregularity and a nullity; but the safest rule to determine what is an irregularity and what is a nullity is to see whether a party can waive the objection. If he can waive it, it amounts to an irregularity; if he cannot, it is a nullity. Jenness v. Lapeer County Circuit Judge, 42 Mich. 471, 4 N. W. 220.

[4] If appellee was in fact a nonresident and the justice refused on motion to require security for cost, the appellant's remedy was by appeal.

[5] Where petitioner has a complete and adequate remedy by appeal to correct the error in the lower court, he is not entitled to the common-law writ of certiorari. Ex parte Howard-Harrison Co., 130 Ala. 185, 30 South. 400; Guscott v. Roden, 112 Ala. 637, 21 South. 313; District Lodge v. Harvey, 6 Ala. App. 246, 60 South. 602; Wright v. Geneva County, 180 Ala. 534, 61 South. 918; Hines v. Tribble, 4 Ala. App. 237, 57 South. 265; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803.

[6] Contention is further made that judgment by default was rendered, while it appears the defendant had a plea of the general issue on file, and the same was undisposed of, and that on this account the judgment was void.

Judgment by default when it should be by nil dicit is error without injury. Glass & Co. v. Paulk, 83 Ala. 404, 3 South. 800; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 South. 249; Green v. Jones, 102 Ala. 303, 14 South. 630; McCoy v. Harrell, 40 Ala. 282; Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 South. 903.

[7] A judgment nil dicit will be sustained, although pleas are on file, and the presumption will be indulged that the defendant was in court and did not attempt to sustain his pleas. Bryant v. Simpson, 3 Stew. 339; Dougherty v. Colquitt, 2 Ala. 337.

We therefore conclude that the judgment sought to be vacated was not invalid, but the matters complained of were irregularities, subject to correction on appeal.

No error appearing in the record, the judgment of the circuit court refusing to quash the proceedings in the justice court is hereby affirmed.

Affirmed.