(100 South. 331)

**McMILLIAN LUMBER CO. et al. v. FIRST NAT. BANK OF EUTAW.** (2 Div. 829.)

(Supreme Court of Alabama. May 22, 1924.)

**1. Appeal and error ⬅⬅900—Supreme Court will indulge, in favor of things done in trial court, all presumptions not contradicted by record.**

Where an appearance by defendants and session of the court for the peremptory call of cases for trial are shown, the appellate court will indulge, in favor of what was done in the trial court, all presumptions not expressly or by necessary inference contradicted by the record.

**2. Appeal and error ⬅⬅934(3)—Face of record held to preclude appellate court from presuming defendants' plea was filed in advance of judgment.**

Where record on appeal showed that default judgment was taken against defendants within 30 days from service and without their appearance, such judgment was reversible error, and the appellate court could not presume that a plea filed by defendants on the same day judgment was entered against them was filed in advance of the judgment.

Appeal from Circuit Court, Greene County; John McKinley, Judge.

Action on promissory note by the First National Bank of Eutaw against the McMillian Lumber Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Hawkins & Hildreth, of Eutaw, and R. B. Evins, of Birmingham, for appellants.

The judgment was rendered prematurely. Ivey v. Perry, 97 Ala. 583, 12 South. 65. Default' judgment would be improper, defendants having interposed their plea. Grigg v. Gilmer, 54 Ala. 425; Green v. Jones Bros., 102 Ala. 303, 14 South. 630.

J. F. Aldridge, of Eutaw, for appellee.

It is of no moment whether the judgment was by default or nil dicit. Eminent Household v. Lockerd, 202 Ala. 330, 80 South. 412; Linch v. Scott, 18 Ala. App. 630, 93 South. 326.

SAYRE, J. [1, 2] Plaintiff, appellee, had judgment by default on March 27, 1923. Service was had on February 26, 1923. Defendants had 30 days after service in which to answer. The judgment, in the absence of an appearance by defendants, was premature by one day, and erroneous for that reason. Ivey v. Perry, 97 Ala. 583, 12 South. 65. However, defendants on the same day, March 27th, filed a plea of the general issue, and the contention for appellee is that there-after, the court then sitting in regular term, the cause was triable without regard to whether 30 days had elapsed since service, and that the court here, in favor of the trial court, will presume that the plea was filed in advance of the judgment, which is to say that the cause was at issue and properly triable when judgment was rendered.

Appellee's contention cannot be sustained. The appeal is upon the record proper, without a bill of exceptions. An appearance by defendants being shown, and the court in session for the peremptory call of cases for trial, in favor of what was done in the trial court, the court here will indulge all presumptions not expressly or by necessary inference contradicted by the record. Plea was filed, and judgment rendered on the same day, and, if this were the whole story told by the record, we would presume the presence in court of the defendants when judgment was rendered. But, to presume in the case presented that defendants were in court by reason of their plea—i. e. that the plea was filed in advance of judgment—would involve a contradiction of the record, for the recital of the judgment is that "defendants, being now solemnly called, came not, but made default." The authority of Ivey v. Perry, supra, controls the case.

Appellee refers to a line of cases in which it has been held that it is of no consequence whether the formal judgment is by default or nil dicit. Eminent Household v. Lockerd, 202 Ala. 330, 80 South. 412, Elyton Land Co. v. Morgan, 88 Ala. 434, 7 South. 249; Atlantic Glass Co. v. Paulk, 83 Ala. 404, 3 South. 800. Others to the same effect might be cited. That is true where the cause is ripe for judgment and the reason of the rule of indifference to form in such cases, as pointed out in Atlantic Glass Co. v. Paulk, supra, and the cases there cited, is that the form of the judgment deprives the defendant of no privilege of insisting on any error in this court which otherwise would have availed him. Here, if in fact judgment was rendered against defendants by default with appearance by them, there was reversible error.

It may be, as the brief avers, that actually the defendants were present in court by attorney, cognizant of what was being done, and raised no objection; but we know only the language of the record and that language contradicts this suggestion. Had 30 days elapsed since service, the conclusion would be different. Here, on the face of the record, judgment was rendered within 30 days from service and without appearance by defendants.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.