WRIGHT, Presiding Judge.
Plaintiffs Haley were the insureds of a homeowner’s insurance policy issued by Auto-Owners Insurance Company. First Federal Savings and Loan Association was the Haleys’ mortgagee and the loss-payee under a standard New York mortgage clause contained in the policy.
The Haleys’ home was damaged as the result of blasting operations. They brought suit for $7,500 against Auto-Owners. They alleged in the complaint that they had requested First Federal to join them as plaintiffs in the suit and First Federal had refused to do so. Haleys alleged that First Federal was a necessary party as mortgagee. They requested that First Federal be joined as defendants in the suit and be required to *MCLXIV pay a reasonable attorney fee to plaintiffs’ attorney from any sum recovered in the suit which would be due to First Federal as mortgagee and loss-payee.
Auto-Owners filed a third-party complaint against Grover Busby Coal Company, alleging it to have caused plaintiffs’ damage.
First Federal filed a motion to dismiss stating as grounds: (a) the complaint failed to state a claim against the defendant upon which relief could be granted; (b) improper venue; and (c) lack of jurisdiction over subject matter. The motion was denied and First Federal moved to reconsider. Though there is no ruling in the record on either motion, it is evident from the language of the motion to reconsider, that the trial court determined that First Federal was properly a party under the provisions of § 6-7-50, Code of Alabama (1975).
On the same date that it filed the motion to reconsider the motion to dismiss, First Federal filed its motion to intervene alleging its intervention necessary to protect its interests. It further alleged its right to receive all sums recovered because it was the mortgagee and loss-payee.
There is no record that intervention was granted First Federal. It was referred to by the court during the trial as a defendant, brought in the case by the plaintiffs because it was a mortgagee and loss-payee under the policy.
There was verdict and judgment against Auto-Owners in favor of plaintiffs for $5,000, and verdict and judgment in favor of Auto-Owners and against third-party defendant Busby Coal Company for $2,500.
Plaintiffs thereafter moved for disbursement of judgment against First Federal. The judgment on that motion contained the following finding: The balance on the mortgage as of the date of trial was $4,639.53; the balance cf the mortgage when loss occurred and suit was brought exceeded the loss thus giving First Federal exclusive right of action as loss-payee to recover under the policy; First Federal was a necessary party and refused to bring the suit as a plaintiff when requested to do so by Haleys; First Federal was to share the expenses of litigation by paying the sum of $1,546.51 to the attorney bringing the suit and receiving the sum of $3,093.02 and applying it as full satisfaction of the mortgage; First Federal was directed to mark satisfied the record of the mortgage and return all payments paid on the mortgage by the Haleys since March 20,1978, the date of trial.
First Federal appeals assigning three issues. The first is that venue as to it was improper in Franklin County. It claims benefit of Title 12 U.S.C. § 94. We considered that statute in the recent case of Central Bank v. Boyles, 355 So.2d 98 (Ala.Civ.App.1977). It applies to national banks. We find no application of the statute to federal savings and loan associations, nor are we cited to any authority so holding.
The second issue contends that the Circuit Court of Franklin County had no authority to order First Federal to satisfy a mortgage on land located in Winston County. It relies on § 6-3-2, Code of Alabama (1975). That statute is a venue statute relating to equitable proceedings against individuals when the subject matter of the action is real estate. It has no limitation upon the general state-wide jurisdiction of a circuit court. Ala.Const. amend. 328, § 6.04 (1973). “Subject matter” as used in the statute has been defined as “the nature of the cause of action and of the relief sought.” Clark v. Sanders, 267 Ala. 674, 103 So.2d 370 (1958). The ancillary equitable relief of requiring record satisfaction of a mortgage relates neither to venue nor to jurisdiction. The circuit court of Franklin or of any county generally has power to enforce its in personam orders relating to delivery, possession or title of real or personal property no matter where the same may lay in the state. Harrison v. Mock, 10 Ala. 185 (1846); Rule 70, ARCP.
The last issue presented is whether the mortgagee and loss-payee of an insurance policy of which the mortgagor is the purchaser and insured, is a necessary party *MCLXV to an action on the policy when the value of the mortgaged property in its damaged state is greater than the amount owed on the mortgage.
The case of Capital City Insurance Co. v. Jones, 128 Ala. 361, 30 So. 674 (1900), changed the rule previously set by Fire Insurance Companies v. Felrath, 77 Ala. 194, 54 Am.Rep. 58 (1884). The Capital City rule is that by the insurance contract containing a loss-payee clause payable to the mortgagee as his interest may appear, in the event of loss there is a joint cause of action by the mortgagor and mortgagee for their respective portions of the loss. The liability of the insurer becomes fixed as of the date of the loss and if the mortgage debt covered or exceeded the whole loss, the sole right of action on the policy was in the mortgagee. Girard Fire & Marine Insurance Co. v. Gunn, 221 Ala. 654, 130 So. 180 (1930). The rule has been subsequently reinforced. In the case of United States Fire Insurance Co. v. Hecht, 231 Ala. 256,164 So. 65 (1935), it was said that a New York or Union Standard mortgagee clause in a fire insurance policy gives to a mortgagee a severable contract, and a primary right to sue for his interest in the proceeds of the policy.[1]
It was held in Aetna Insurance Co. v. Koonce, 233 Ala. 265, 171 So. 269 (1936) that a multiplicity of suits on such policies is undesirable. The court approved a joint action of the mortgagor and the mortgagee. The court, after judgment, has full power to apportion it between the plaintiffs as their interest is shown.
Quoting from the decision in Aetna, the Supreme Court in the case of Knox v. Cuna Mutual Insurance Society, 282 Ala. 606, 213 So.2d 667 (1968), held that the insured in a group credit life policy was entitled to join the credit union as a party plaintiff in a suit for breach of a credit life policy in which the credit union was loss-payee in event of death or disability. The court said: “We hold under the circumstances of this case, the plaintiff had a sufficient interest and benefit in the contract of insurance to permit him to join the credit union as a party plaintiff and maintain this action against the insurer.” 282 Ala. at 612, 213 So.2d at 672. Leave to join the credit union as a party plaintiff in Knox was granted at the request of the insured under authority of Title 7, § 135, Code of Alabama (1940) (Re-comp.1958) (now § 6-7-50, Code of Alabama (1975)). Though the joinder of Auto-Owners in this instance was termed to be as a defendant, the trial court denied Auto-Owners’ motion for dismissal upon the authority of Title 7, § 135, stating it to be a necessary party. The allegations of the complaint stated First Federal to be a necessary party and stated its primary right to any recovery up to the amount of its mortgage. In the final judgment, the court recognized the interest of First Federal to the proceeds of the recovery from Auto-Owners to be exclusive up to the amount of its mortgage and directed disbursement accordingly. The role and right of First Federal was recognized throughout as that of a beneficiary of the suit, not as a defender to a claim.
We therefore conclude that though given the name of defendant, First Federal was by right and necessity a party plaintiff. It was requested to join as a plaintiff and assist in securing the benefits due under the policy. It refused to act or consent to the request.[2] Section 6-7 — 50 provides a remedy in such a case. That remedy is to nevertheless use such person’s name as a party plaintiff. The statute also provides that if recovery is thereafter made by plaintiffs in the action, the person so refusing to join or allow the use of his name as plaintiff shall receive no part of the recovery until he pays his equitable share of the expenses of the litigation including attorney fees. The trial court enforced this latter part of the statute by assessing First Federal attorney fees *MCLXVI before disbursing its interest in the amount recovered. We affirm the action of the court as a proper exercise of its statutory and equitable authority in the premises.
The complaint that the provisions of the statute could not be applied because the Haleys did not file an indemnity “obligation” with good and sufficient sureties with the clerk of the court is not compelling. That requirement may be waived. It is not jurisdictional. Consumers’ Roofing Co. v. Littlejohn, 228 Ala. 59, 152 So. 31 (1934); Linch v. Scott, 18 Ala.App. 630, 93 So. 326 (1922). First Federal initially denied the propriety of its inclusion as a party, either plaintiff or defendant, yet it subsequently filed a motion for intervention alleging therein substantially the same matters as were stated by the plaintiff in its complaint — i. e., it was the real party in interest and had exclusive right to any recovery.
The essence of the matter is that First Federal was not merely a necessary party but an indispensable party to the action. At the time of loss, its mortgage exceeded the amount of the loss and it possessed the primary right of action against the insurer for such loss. Capital City Insurance Co. v. Jones, supra. In equity, and within the purpose and intent of the statute and the Rules of Civil Procedure, First Federal should contribute to the expense necessary to recover funds which belonged to it. Though proeedurally the statute was not strictly followed, it nevertheless was properly applied. We affirm the judgment of the trial court in all respects.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. The policy in this case contained such a clause.

. Rule 19, ARCP provides in such a case, “If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.”