# Crawford *v.* Simonton & Co.

*Assumpsit.*

(Decided Nov. 10, 1909.   50 South. 1024.)

1. *Appeal and Error; Questions Reviewable; Presumptions.*—The presumption will not be indulged on appeal that the trial court passed upon demurrers, where the judgment entry does not show that the court passed upon them, and hence this court will not review the demurrers.

2. *Same; Judgment Recitals; Presumptions.*—Where the judgment entry recites that replications were filed to certain pleas, the latter of which alleged a material alteration of the note sued on, and recites further that issue was joined thereon, this court on appeal must accept the record as true that a replication was filed to the plea and that issue was joined thereon, and must presume the correctness of the ruling of the trial court, the replication not being shown.

3. *Alteration of Instruments; Materiality.*—The note read "With interest at _____ per cent. per annum" and the figure 8 was added, also the word date.   Held, that as the law fixes the rate of interest on such a note at 8 per cent. per annum, and with interest would mean from date, that the alteration was not material, and did not change the legal effect of the instrument.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

[*Crawford v. Simonton & Co.*]

Assumpsit by Simonton & Co. against W. H. Crawford. Judgment for plaintiff and defendant appeals. Affirmed.

Espy & Farmer, for appellant.—No brief came to the Reporter.

R. D. Crawford, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This action is by the appellee against the appellant on a promissory note. A number of pleas were filed by the defendant, among them plea 5, which alleged a material alteration of the note since its execution. The judgment entry recites that: "Plaintiff files replications to pleas 4 and 5, and issue being joined thereon," etc. Replications to other pleas are set out in the record, but the replication to plea 5 does not appear.

The only insistence by the appellee is that "the court will hold that plaintiff filed said replication to plea 4 only, leaving plea 5 in the record without any demurrer or replication to it," and that the issue joined will be construed to mean only on the pleas to which no replication had been filed, and the replication to which no joinder had been made; in other words, that the issue was only on plea 5, which it is claimed was proved, and, whether material or immaterial, the judgment should have been for the defendant, and the general affirmative charge was improperly given for the plaintiff. The cases cited by the appellee hold merely that, where the judgment entry does not show that the court passed upon the demurrers, this court will not presume that it did pass on the demurrers, and will not review said action (*Ala. Nat. Bank v. Hunt et al.*, 125 Ala. 512, 28

South. 488; *Birmingham Railway & Elec. Co. v. Baker,* 126 Ala. 135, 28 South. 87; *M. & C. R. R. Co. v. Martin, Adm'r, etc.,* 131 Ala. 269, 30 South. 827); also that "demurrer found in the file, and neither called to the attention of the court nor ruled on, must be regarded as abandoned.—*Elyton Land Co. v. Morgan & Co.,* 88 Ala. 434, 7 South. 249.

The present case is just the converse of the cases cited. The judgment recites that replications were filed to pleas 4 and 5, and issues joined thereon. We must take the record as true that there was a replication to plea 5, on which issue was joined, and, not knowing what the replication was, we must presume that the court was right in giving the charge.—*Pabst Brewing Co. v. Erdreich,* 158 Ala. 147, 48 South. 397. At any rate, the supposed alteration, if made, was immaterial. If the note read, "with interest at —— per cent. per annum," the law would fix the rate at 8 per cent., and the expression "with interest" would mean from date; so that the addition of the figure "8" and the word "date" would not change the legal effect of the note, and, as the pleading did not set out the note, this matter could not be raised until the note was introduced.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.