Schenley, Appellee, *v.* Kauth, Appellant.

(No. 4311—Decided November 18, 1953.)

*Mr. C. D. Evans* and *Mr. Paul E. Weimer,* for appellee.

*Mr. Sal Germano* and *Mr. James A. Rondy,* for appellant.

Doyle, P. J. Plaintiff, by petition in the Court of Common Pleas of Summit County, sought damages from the defendant. which she claimed arose out of the defendant's violation of the terms of an option given her for the purchase of real property. The trial court,

at the conclusion of the opening statements of counsel, ruled as a matter of law that the defendant was liable for any damages sustained, and submitted only for the jury's determination the amount thereof.

The following errors are here asserted:

"1. The trial court erred in overruling defendant's motion for a judgment in its favor made at the close of plaintiff's opening statement.

"2. The trial court erred in directing a verdict in favor of the plaintiff at the close of the defendant's opening statement.

"3. The trial court erred in directing a verdict in favor of the plaintiff, instead of permitting the jury to reach a verdict.

"4. The judgment and decree of the Court of Common Pleas is contrary to law and should have been in favor of the defendant, on the pleadings of conceded facts and the record made herein.

"5. That the trial court erred in determining as a matter of law that the agreement of the parties hereto was not to be limited by a reasonable time.

"6. That the trial court erred in not permitting the jury to hear the testimony and determine whether or not a reasonable time had elapsed since the signing of the instrument of the parties herein."

From the pleadings and counsels' statements, the following undisputed facts may be sifted:

In the year 1941, the defendant, pursuant to oral negotiations with plaintiff, deeded plaintiff 7½ acres of a 10-acre tract of land which she owned, at a price of $325 per acre, and, as a part of the same transaction, gave to the plaintiff the following written option:

"June 17, 1941.

"Mabel St. Clair Schenley:

"As a consideration of your purchase of 7½-acre tract belonging to me, located in Franklin Township,

Summit County, Ohio, I hereby give you the option to purchase the remaining 2½ acres belonging to me, which joins your 7½-acre tract to the north, at the same price per acre as you are paying for the 7½-acre tract; namely, $325 per acre.

"This option is granted to you only in the event I desire to sell the 2½-acre tract.

"Very truly yours,

"Florence I. Graber."

Florence I. Kauth was formerly Florence I. Graber.

Several years after these transactions (in about the middle of the 1940's) the defendant told the plaintiff "that she would decide after she came back from California whether or not she was going to sell that property." At no time did the defendant offer to sell the property to the plaintiff for the price stated in the option. When she returned from California, she stated that she did not want to sell, although several years later, in 1950, in conversation with the plaintiff, she said that she would sell at a price far in excess of the amount set out in the written memorandum. The plaintiff refused to agree to pay more than the amount' stipulated, but did offer to buy at the price set out in the option. Shortly after this conversation, the defendant sold the property to a third person, without notice to the plaintiff, for a price substantially greater than $325 per acre. The defendant's opening statement concludes with the following:

"The conversation and the evidence will show that a trip to California was contemplated * * *, that she would make up her mind whether or not she was going to keep it or whether she was going to sell it. We expect the evidence to show that when she returned, she stated that she was going to keep it and not sell it. We expect the evidence to show that * * * a reasonable time was contemplated, and that nine

years time is unreasonable, and we do not feel that we are obligated to the plaintiff in any manner whatsoever."

It is principally claimed by the appellant that the trial court erred in precluding her from offering oral testimony to the effect "that the instrument so signed by her was intended and understood by the parties to remain in force and effect for only a reasonable length of time," and that whether or not a reasonable length of time had elapsed was a question for the jury. To this claim, we now direct our attention.

1. It is generally held that a written option, signed by an optionor, founded on valid consideration, which gives an optionee the right to purchase real property at a stipulated price in the event the owner of the land desires to sell, constitutes a contract. The law may be succinctly stated as follows:

"A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." I Restatement of the Law of Contracts, Section 1.

"(1) A promise is an undertaking, however expressed, either that something shall happen, or that something shall not happen, in the future.

"(2) Words which in terms promise the happening or failure to happen of something not within human control, or the existence or non-existence of a present or past state of facts, are to be interpreted as a promise or undertaking to be answerable for such proximate damage as may be caused by the failure to happen or the happening of the specified event, or by the existence or non-existence of the asserted state of facts." *Ibid.*, Section 2.

See, also, "Comment" and "Illustrations" following text, among which is the following illustration:

"4. A says to B, 'I will employ you for a year at a

salary of $5000 if I go into business.' This is a promise, for although it is wholly optional with A to go into business or not, he does not keep his word if he goes into business without employing B.''

It thus far appears obvious that the written instrument here under consideration has all of the essentials of a valid contract. The consideration shown to exist precludes a revocation by the offeror; a definite price is stated for the property; and it is adequately described.

2. Whether a jury question is ever presented in the determination of what is a reasonable time within which a unilateral contract to sell must be accepted by an optionee in situations where no specific time for acceptance is incorporated, we neither consider nor decide. The contract before us does not require it. Nor do we decide whether oral testimony of the parties would be admissible to determine the question.

Our conclusions in the foregoing paragraph are based upon the fact that the contract before us fixes a definite time when the optionee must exercise the option—to wit, when the optionor desires to sell. It is apparent that the optionor desired and decided to sell, because she did in fact sell to a third person, without notifying the optionee. In so doing, she breached her contract to sell the property for the stipulated price to the optionee, if the optionee agreed to buy, at a time when she desired to sell; and, as a consequence thereof, she must respond in damages. The question of a reasonable length of time is not in the case.

We find no error in the conduct of the trial in the Court of Common Pleas, and the judgment will be affirmed.

*Judgment affirmed.*

Stevens, J., and Hunsicker, J., concur.