347 P.2d 837

**Louis FALVO, d/b/a Louis Falvo & Sons Mercantile, Plaintiff and Respondent,**

v.

**Grace NICHOLES, Administratrix of the Estate of Nondas Nicholes, Defendant and Appellant.**

No. 9085.

Supreme Court of Utah.

Dec. 22, 1959.

Mark S. Miner, Magna, for appellant.

John A. Rokich, Magna, David. K. Watkiss, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment on two promissory notes. Affirmed, with costs to plaintiff.

The pre-trial order in this case confined the issues to 1) whether the notes were forged and 2) whether the court had jurisdiction of the cause. As to 2): without relating the record, we are convinced there is no merit to that asserted defense.

As to 1) defendant urges a number of grounds on appeal, to the effect that the court erred a): in refusing to direct a verdict, b) in submitting only one interrogatory asking the jury to decide if the alleged maker of the notes did or did not sign them, c) in refusing family members the right to testify as to the genuineness of the signatures, d) in excluding proffered evidence as to lack of consideration for the notes, e) in allowing interest and attorney's fees, and in f) refusing to quash process.

All of the errors urged may be resolved by our conclusion that there was

22

ample evidence presented to the veniremen from which they could have found that the alleged maker signed the notes, that the judgment for interest and attorney's fees was justified by the facts and the law, that although it may have been error in refusing one member of the family the privilege of testifying as to the genuineness of the signature, such error was in no way prejudicial in light of facts otherwise adduced, and in determining, as we do, that the matter of consideration was not an issue in this case.

 Defendant's main contention is that the blanks in the note with respect to interest and attorney's fees were filled in after the maker's death. We need not concern ourselves with such asserted fact, because, assuming that the blanks were not filled in at all, the interest allowed was 6%, no more than the legal rate, and the attorney's fees awarded by the court appeared to be reasonable, and were not attacked by defendant on the grounds of unreasonableness, so that the court was within its province in allowing both interest and attorney's fees.[1]

CROCKETT, C. J., and WADE, Mc-DONOUGH, and CALLISTER, JJ., concur.

1. McCornick v. Swem, 36 Utah 6, 102 P. 626; Hornstein v. Cifune, 86 Neb. 103, 125 N.W. 136; Crawford v. Simonton & Co., 163 Ala. 609, 50 So. 1024; Brannan, Neg.Inst., 7th Ed., p. 346.