354 P.2d 1070

**Lewis F. HANSEN, dba Hansen Realty Company, Plaintiff and Respondent,**

v.

**Ivy B. SNELL, Defendant and Appellant.**

No. 9169.

Supreme Court of Utah.

Aug. 16, 1960.

Richards, Bird & Hart, Salt Lake City, for appellant.

Elias Hansen, Salt Lake City, for respondent.

McDONOUGH, Justice.

The plaintiff, a real estate broker, sued for his commission for finding a buyer for defendant's property. The trial court found for the plaintiff, and the defendant appeals.

The property is defendant's dwelling which also contains apartments. Inasmuch as plaintiff had formerly served her as a real estate broker, she called and told him that some buyers were interested in her property and that he probably should have the sale. He brought her a real estate listing card and got her to sign it. It contains the sales agency contract. On one line of it these words appear "Price $———cash." In the blank space is written 43,000 and following the word "cash" was handwritten "terms to suit the seller."

In November, 1958, plaintiff obtained a written offer from a buyer stating it was ready, willing and able to purchase the property for $43,000 cash or "On terms to suit the seller." This purchaser gave the plaintiff $1,000 earnest money, which he deposited to the bank account of the defendant, apparently in an effort to persuade her that she had sold her property. In a conversation with the plaintiff and another real estate agent she would not agree to any terms proposed by them, and at that time would not state what terms would be acceptable to her. She justifies this refusal in part on the ground that her husband was then seriously ill; (He later passed away,) and that she insisted upon terms because she is dependent upon this property and desires a steady income over a long period rather than cash, which would need reinvestment and management.

After consultation with her attorney she indicated that the terms of sale would have to be $5,000 down and $400 per month, plus 10% interest. The prospective purchaser would not agree to these terms but said he would agree to any reasonable terms, specifically objecting to the 10% interest.

The plaintiff claims that he had performed his service as a real estate agent by finding a ready, willing and able purchaser upon reasonable terms, and that the defendant's conduct is but a subterfuge to avoid her commitment under the contract. He argues that she cannot refuse to co-

operate or deliberately obstruct the sale and prevent him from recovering his commission.[1] The trial court made no finding that she did so but agreed with the plaintiff's contention that he had performed his duty by finding a buyer willing to purchase for cash or on reasonable terms, ruling that where no interest rate is specified in the contract, the rate of 6% set by statute[2] on money owed should be implied. This may be correct where there is a deferred payment of a balance of money payable.[3] However, that is not the situation here. The plaintiff is seeking to hold the defendant to the contract she signed; and he is entitled to do so. But by the same token, he is limited by the terms of the promise he exacted from her. It was the plaintiff who presented her with the contract. At the time of the discussion it was the plaintiff himself who, at her request, inserted the words "Terms to suit the seller." She cannot be held to any other commitment than that expressed therein: that she would sell the property on her own terms. The times and the amounts in which the payments should be made and also the rate of interest on the deferred balance are part of the "terms" of a real estate sales contract. The importance of the interest rate as one of the "terms" of such a contract is made emphatic by the controversy which has here developed.

 In order for a contract to be binding, it must spell out the obligations of the parties with sufficient definiteness that it can be performed. Under this contract as worded, it was the prerogative neither of the plaintiff broker, nor of the buyer he found, to impose upon the defendant the method of payment or the interest rate to be charged other than as she desired. The proposed buyer being unwilling to purchase upon the terms insisted upon by her, cannot be regarded as a willing purchaser under the contract she signed, and the plaintiff cannot compel her to pay his commission.

This disposition of the case obviates the necessity of considering the plaintiff's claim that he was entitled to be awarded attorney's fees under the provisions in the contract.

The judgment is reversed. Costs to defendant (appellant).

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.

1. Hoyt v. Wasatch Homes, Inc., 1 Utah 2d 9, 261 P.2d 927.
2. Sec. 15-1-1, U.C.A.1953.
3. Falvo v. Nicholes, 10 Utah 2d 20, 347 P. 2d 837.