MAG CONSTRUCTION COMPANY, Plaintiff and Appellant,

v.

McLEAN COUNTY, Defendant and Respondent.

Civ. No. 8592.

Supreme Court of North Dakota.

Dec. 8, 1970.

Rehearing Denied Dec. 23, 1970.

William R. Mills, Bismarck, for plaintiff and appellant.

John Romanick, State's Atty., Washburn, for defendant and respondent.

STRUTZ, Judge, on reassignment.

In April 1966, McLean County advertised for bids for loading and hauling of gravel, to be delivered on highways or in stockpiles. The call for bids, so far as it relates to this action, read as follows:

### "NOTICE FOR BIDS

"The Board of County Commissioners, McLean County, North Dakota, will open sealed bids in their office in the courthouse in Washburn at 2:30 o'clock P. M. on Tuesday, May 17th, 1966 for the following:

"ITEM NO. 1  *  *  *

"ITEM NO. 2  *  *  *

"ITEM NO. 3

Road gravel delivered on highways or in stockpiles. In the case of crushed gravel, bids will be for gravel crushed to ¾ inch and measured on a ton and ton-mile basis.

In the case of screened gravel, bids will be for gravel screened to 1 inch and measured on a yard and yard-mile basis or ton and ton-mile basis.

"Bids to be addressed to the McLean County Auditor and plainly marked on the outside of the envelope, 'Bids for sale or rental of Equipment'.

"The Board reserves the right to reject any and all bids, to waive technicalities and to accept that bid or those bids which appear to be to the best interest of McLean County.

"Dated at Washburn, North Dakota, this 7th day of April, 1966.

"Board of County Commissioners, McLean County, North Dakota

Otto Bauer
_____
Chairman

"Attest:

Otto Vetter
_____
County Auditor"

Pursuant to this call for bids, the plaintiff submitted the following bid:

"Gravel Loading & Hauling Bids
to McLean Co.

"Loading – 14½ Per cubic yd.

"Hauling – .25 Per yd for first 3 miles—
.07 Per yd mile thereafter.

"Mag Construction Company
Box 172     Wilton No. Dak

"Lic. No. D–2244

"By [Signed] DAVID GREGORYK Pres."

This bid was "accepted" by the Board of County Commissioners and the plaintiff was notified of its acceptance. However, the plaintiff never was called upon to do any loading and hauling of gravel for the defendant. Such loading and hauling as was done for the defendant County was done by parties other than the plaintiff.

The plaintiff brings this action against the County, demanding that it be paid for loading and hauling done for the County by others, and that such payment be on the basis of the plaintiff's bid which had been accepted by the defendant. The trial court dismissed the plaintiff's complaint, and the plaintiff has appealed to this court, demanding trial de novo.

The only issue to be determined on this appeal is whether the parties had entered into a contract which would support an action by the plaintiff for its breach. The call for bids requested that bids be submitted for loading and hauling gravel to be delivered on highways or in stockpiles. Such call for bids did not mention any amount of gravel to be loaded, hauled, and delivered, and did not bind the County to have a single yard delivered. The bid submitted by the plaintiff to haul and stockpile for the figures set forth therein did not require the plaintiff to haul any amount of gravel. The call for bids furthermore did not fix a period of time within which the loading and hauling was to be done.

■ The courts do not favor the destruction of contracts because of uncertainty, but will, if feasible, construe agreements so as to carry into effect the reasonable intention of the parties, if that can be determined. Hughes Realty Co. v. Breitbach, 98 N.W.2d 374 (N.D.1959); Ontario Downs, Inc. v. Lauppe, 192 Cal. App.2d 697, 13 Cal.Rptr. 782 (1961).

■ To be valid and enforceable, however, a contract must be reasonably defi-

nite and certain in its terms so that a court may require it to be performed. Morey v. Hoffman, 12 Ill.2d 125, 145 N.E.2d 644 (1957). It must spell out the obligations of each of the parties with reasonable definiteness. Indefiniteness as to any essential element of the agreement may prevent the creation of an enforceable contract. Hansen v. Snell, 11 Utah 2d 64, 354 P.2d 1070 (1960). Thus contracts must be definite enough to enable a court to ascertain just what is required of the respective parties in the performance thereof. Courts will not uphold agreements which are indefinite and uncertain as to the obligations imposed upon the parties thereto. Richards v. Oliver, 162 Cal.App.2d 548, 328 P.2d 544 (1958).

■ Where an agreement is so uncertain and incomplete as to any of its essential terms that it cannot be carried into effect without new and additional stipulations between the parties, it will be held to be invalid. Druar v. Ellerbe & Co., 222 Minn. 383, 24 N.W.2d 820 (1946).

■ An agreement which contains no definite provision as to its duration may be unenforceable as being too indefinite. Thus it has been held that a contract to mine ore at a certain pit, "as long as we can make it pay," is too indefinite to allow prospective profits in case the work is stopped by the other party to the contract. Davie v. Lumberman's Mining Co., 93 Mich. 491, 53 N.W. 625 (1892). Therefore, where one party to a contract retains the right to determine the extent of his performance, his promise has been held to be too indefinite for reasonable enforcement. Knox v. Ffoulke, Sup., 73 N.Y.S.2d 650 (1947).

Let us now examine the alleged contract in this case to determine whether it is enforceable. The defendant's call for bids did not mention what amount of gravel, if any, was to be hauled for it, so the de-

fendant was not obligated to have any amount of gravel hauled and delivered. On examination of the plaintiff's bid submitted in response to such call for bids, we find that the plaintiff did not bind itself to haul a specific amount of gravel. All that can be said is that the plaintiff offered to load and haul any gravel which the defendant might request it to haul for the consideration set forth in the bid. The defendant, however, did not request the plaintiff to haul any gravel, and the plaintiff did not haul a single yard of gravel. Therefore, there has been no performance under the contract.

Where the County advertised for bids to haul gravel for county roads without agreeing that it would have any gravel hauled, and where the plaintiff submitted its bid to haul gravel for county road purposes without agreeing that it would haul all or any definite amount of the gravel which defendant needed hauled during any stated period of time, and the plaintiff was advised that its bid had been "accepted," but the County did not agree to have any gravel hauled, and where the defendant thereafter did not request the plaintiff to haul any gravel, and the plaintiff fails to show that it has done anything in performance of its bid, no contract was entered into by the parties which the courts will attempt to enforce. A contract is a promise or set of promises, for the breach of which the law gives a remedy, or the performance of which the law recognizes as a duty. Schenley v. Kauth, 96 Ohio App. 345, 122 N.E.2d 189 (1953); Whetstone v. Kane County Title Co., 345 Ill.App. 83, 102 N.E.2d 352 (1951). In this case, neither party made any promise, for the breach of which the law will give a remedy.

For reasons stated in this opinion, the judgment of the trial court dismissing the plaintiff's complaint is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.