LAURA HEIM, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Heim v. Commissioner
Docket Nos. 5424-85, 5425-85, 5426-85.
United States Tax Court
T.C. Memo 1987-1; 1987 Tax Ct. Memo LEXIS 1; 52 T.C.M. (CCH) 1272; T.C.M. (RIA) 87001; January 5, 1987. Gerald W. Jukkala, for the petitioners. John Schmittdiel, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In these consolidated cases, respondent determined the following deficiencies in and additions to petitioners' Federal gift tax for the quarter *2 ended June 30, 1977: Additions to Tax
Docket No.
Deficiency
Sec. 6651(a)(1) [2]
Sec. 6653(a)
5424-85
$22,840.00
$5,710.00
$1,142.00 5425-85
123,301.08
30,825.27
6,165.05
5426-85
86,989.08
21,747.27
4,239.45
After concessions, the issues for decision are whether certain transfers were taxable gifts and, if so, whether petitioners are liable for the additions to tax. FINDINGS OF FACT These cases were submitted fully stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Petitioners Laura Heim, Elmer Heim, and Clarence Heim resided in Edgeley, North Dakota, when their petitions were filed. None of the petitioners filed Quarterly Gift Tax Returns (Form 709) reporting the transfers of property in dispute. Petitioner Clarence Heim is the father of Maurus D. Heim, Michael Heim, and Kirk Heim. On February 23, 1971, petitioners executed two documents. Each document was entitled "Option to Purchase." In one document, petitioners *3 purported to grant Maurus D. Heim and his wife the right to purchase certain property for $136,000. In the other document, petitioners purported to grant Michael J. Heim and his wife the right to purchase certain other property for $128,000. Each document stated that "[n]o set payment schedule has been agreed to at this time" and that "[t]his is an agreement of indefinite time." Neither document stated any method, manner, or time of payment. Petitioners executed certain Contracts for Deed on May 28, 1977, and recorded them in the LaMoure County Register of Deeds. Pursuant to each contract, petitioners sold and agreed to convey land to Maurus, Michael, or Kirk Heim. None of the Contracts for Deed refer to the "Option[s] to Purchase" executed on February 23, 1971. The purchase price, property description, and purchasers under the Contracts for Deed differed from those in the 1971 option documents. Petitioners Clarence and Elmer Heim sold and agreed to convey property hereinafter referred to as Parcel 1 to Maurus and Kirk Heim for $74,000, payable $500 down and 15 annual installments of $4,900, with 6 percent interest on the unpaid balance. The fair market value of Parcel *4 1 on May 28, 1977, was $290,000. Petitioners Clarence and Elmer Heim also sold and agreed to convey property hereinafter referred to as Parcel 2 to Michael and Kirk Heim for $64,000, payable $500 down and 15 annual installments of $4,233.33, with 6 percent interest on the unpaid balance. On May 28, 1977, the fair market value of Parcel 2 was $247,000. Petitioners Elmer and Laura Heim sold and agreed to convey property hereinafter referred to as Parcel 3 to Maurus D. Heim for $64,000, payable $500 down and 15 annual installments of $4,233.33, with 6 percent interest on the unpaid balance. On May 28, 1977, the fair market value of Parcel 3 was $299,000. Petitioner Clarence Heim sold and agreed to convey property hereinafter referred to as Parcel 4 to Michael Heim for $64,000, payable $500 down and 15 annual installments of $4,233.33, with 6 percent interest on the unpaid balance. On May 28, 1977, the fair market value of Parcel 4 was $286,000. Respondent discounted the value of the consideration to be paid by the transferees in order to reflect respondent's determination that the transferees' 6 percent interest obligation was at a below-market interest rate. Accordingly, in the *5 statutory notices of deficiency, respondent calculated the amount of each gift as the difference between the fair market value of the property transferred and the sum of the down payment and the present value of the balance due from each transferee as of the date of contract. Respondent also determined that petitioners' failure to file gift tax returns for the quarter ended June 30, 1977, was due to willful neglect and not due to reasonable cause and that petitioners' underpayment of gift tax was due to negligence. ULTIMATE FINDINGS OF FACT On May 28, 1977, Clarence Heim made gifts to Maurus, Michael, and Kirk Heim totaling $421,500. On May 28, 1977, Laura Heim made a gift to Maurus D. Heim of $117,500. On May 28, 1977, Elmer Heim made gifts to Maurus, Michael, and Kirk Heim totaling $317,000. Petitioners' failure to file gift tax returns was due to willful neglect and not due to reasonable cause. Petitioners' underpayment of gift tax was due to negligence. OPINION Deficiencies
Section 2512(b) provides that "[w]here property is transferred for less than an adequate *6 and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift." The pertinent part of section 25.2511-2(b), Gift Tax Regs., provides that a gift is subject to tax when "the donor has so parted with dominion and control as to leave in him no power to change its disposition." The parties agree that the 1977 Contracts for Deed provided for the sale and conveyance of property for less than fair market value. Petitioners contend, however, that the 1977 contracts were executed pursuant to 1971 option contracts and that, for purposes of section 25.2511-2(b), Gift Tax Regs., they parted with control over the property when they executed the option agreements. Respondent contends that the 1971 agreements are unenforceable and that, as a result, petitioners did not part with control over the property until 1977. For purposes of this case, respondent now concedes that the transferees' below-market interest rate need not be taken into account in calculating the amount of any deemed gift. Respondent thus argues that the amount of each deemed gift is the difference between the fair market value *7 of the property transferred and the full amount of consideration stated on the face of each Contract for Deed. The North Dakota Supreme Court has held that "[t]o be valid and enforceable, * * * a contract must be reasonably definite and certain in its terms so that a court may require it to be performed." Lohse v. Atlantic Richfield Co.,389 N.W.2d 352, 355 (N.D. 1986), quoting Mag Construction Co. v. McLean County,181 N.W.2d 718, 721 (N.D. 1970). The court also noted that "[w]here an agreement is so uncertain and incomplete as to any of its essential terms that it cannot be carried into effect without new and additional stipulations between the parties, it will be held invalid" and that "where one party to a contract retains the right to determine the extent of his performance, his promise has been held to be too indefinite for reasonable enforcement." Lohse v. Atlantic Richfield Co.,389 N.W.2d at 355; Mag Construction Co. v. McLean County,supra. In this case, the 1971 option agreements explicitly state that *8 no agreement had been reached regarding the method, manner, or time in which the purchasers were to pay for the property. Because the purchasers retained the right to determine the extent of their performance, the 1971 agreements were too indefinite to be enforced under North Dakota law. Petitioners contend that the written 1971 option agreements were partially performed and propose findings to that effect in their brief. This case was submitted fully stipulated and such findings of fact are without foundation in the stipulations or exhibits. Respondent's answers denied each allegation of fact raised in the petitions. See Rule 36(b), Tax Court Rules of Practice and Procedure. Other facts proposed in petitioners' brief were not even alleged in the petitions. Statements in briefs and unadmitted allegations in petitions do not constitute evidence. Rule 143(b), Tax Court Rules of Practice and Procedure. The record does not, therefore, contain evidence supporting petitioners' interpretation of the 1971 agreements. Petitioners also contend that the option agreement may be supplemented by parol evidence. *9 Parol evidence may not be used to prove terms to an agreement that are inconsistent with the terms of the writing. See Schwarting v. Schwarting,310 N.W.2d 738 (N.D. 1981); Putnam v. Prouty,140 N.W. 93, 96 (N.D. 1913). In this case the language of the documents is clear and explicit; it alone must govern our interpretation of petitioners' intent. See Schwarting v. Schwarting,supra;North Dakota Century Code sec. 9-07-04 (1975). Each "Option to Purchase" clearly states that "no set payment schedule has been agreed to at this time" and that "this is an agreement of indefinite time." Thus, there is no parol evidence consistent with the written documents that could explain the parties' intention as to the purchasers' method, time, and manner of performance. See Schwarting v. Schwarting,supra.Petitioners could not, therefore, cure the fatal indefiniteness of the 1971 option agreements even if each of their allegations were supported by evidence in the record. Finally, respondent argues that, even if parol evidence illuminated petitioners' intent, the 1971 agreements are within the North Dakota statute *10 of frauds. North Dakota's statute of frauds provides that agreements for the sale of real property are invalid unless in writing. North Dakota Century Code sec. 9-06-04 (1975). The entire agreement must be in writing and cannot rest partly in writing and partly in parol. United States v. 308.65 Acres of Land, More or Less, In Sheridan County, State of North Dakota,520 F.2d 660, 662 (8th Cir. 1975); Heinzeroth v. Bentz,116 N.W.2d 611, 614-615 (N.D. 1962). Although, in Cooke v. Blood Systems, Inc.,320 N.W.2d 124, 129 (N.D. 1982), the North Dakota Supreme Court stated that part performance of an oral contract may avoid application of the statute of frauds, it also ruled that the doctrine of part performance required clear and unequivocal proof of the existence, terms, and character of the contract and held that performance sufficient to satisfy the statute of frauds must be consistent only with the existence of the contract. In this case, petitioners have not produced evidence of the essential terms of the alleged 1971 agreements, nor *11 evidence of partial performance. Moreover, the parties, purchase price, and subject property were not the same as those described in the 1971 documents. The 1971 agreements are thus included under North Dakota's statute of frauds. Additions to Tax
Failure to File
Respondent determined that petitioners are liable for the additions to tax imposed by section 6651(a)(1). That section imposes an addition to tax for failing to file a return in a timely manner unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioners have the burden of proving reasonable cause. Heman v. Commissioner,32 T.C. 479, 490 (1959), affd. 283 F.2d 227 (8th Cir. 1960). Petitioners contend that they are not liable for this addition to tax because of their belief that the 1971 option agreements required execution of the 1977 Contracts for Deed. There is no evidence in the record supporting this contention. Moreover, in the absence of evidence showing reliance on the advice of competent counsel, the mistaken belief that no *12 return is due is not reasonable cause for failure to file. Adams v. Commissioner,46 T.C. 352, 363 (1966); Heman v. Commissioner,supra.Petitioners are therefore liable for the additions to tax imposed by section 6651(a)(1). Negligence
Respondent also determined that petitioners are liable for the addition to tax for negligence imposed by section 6653(a). Petitioners again have the burden of proof. Neely v. Commissioner,85 T.C. 934, 947 (1985); Luman v. Commissioner,79 T.C. 846, 860-861 (1982). The record is devoid of evidence showing that petitioners were not negligent and they are therefore liable for the addition to tax imposed by section 6653(a). We have considered petitioners' other arguments and find that they are without merit. To reflect respondent's concession, Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Clarence J. Heim, docket No. 5425-85, and Elmer Heim, docket No. 5426-85.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩