T.C. Memo. 1996-371


UNITED STATES TAX COURT


W. ROBERT CURTIS AND CHERYL L. RIESS-CURTIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8786-95.                    Filed August 13, 1996.


   Cheryl L. Riess-Curtis, pro se.

   <u>Drita Tonuzi</u>, for respondent.



MEMORANDUM OPINION


   DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) of the Internal Revenue Code of 1986, and Rules 180,

181, and 183.[1]  The Court agrees with and adopts the Opinion of

_____

   [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on respondent's Motion for Leave to File a Motion to Vacate Decision Out of Time (respondent's Motion for Leave).  The issue for decision is whether grounds exist in this case for vacating what is otherwise a final decision.

Background

Petitioners W. Robert Curtis and Cheryl L. Riess-Curtis resided in New York, New York, at the time that their petition was filed with the Court.

Petitioners were sole equal shareholders in Curtis & Riess-Curtis, P.C. (the Curtis corporation) during 1989.

Edwin C. Hamada was the sole shareholder in Edwin C. Hamada, P.C. (the Hamada corporation) during 1989.

During 1989, the Curtis corporation and the Hamada corporation were sole partners in Curtis, Hamada & Curtis (the Curtis-Hamada partnership), a partnership subject to the unified partnership audit and litigation procedures set forth in sections 6221 through 6231.  Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648.  On or about October 3, 1990, the Curtis-Hamada partnership filed Form 1065 (Partnership Return of Income) for 1989 and identified Edwin C. Hamada, P.C. as the tax matters partner.  On this return the partnership claimed an ordinary loss in the amount of

$47,953. The Schedules K-1 filed with the partnership's Form 1065 for 1989 revealed that the Hamada corporation and the Curtis corporation were equal partners and that each was allocated 50 percent, or $23,977, of the loss claimed by the Curtis-Hamada partnership.

In or about August 1991, the Curtis-Hamada partnership filed an amended Form 1065 for 1989 (the amended Form 1065), along with amended Schedules K-1 (the amended Schedules K-1) for 1989. On the amended Form 1065, petitioners increased the $47,953 ordinary loss by $5,829 (i.e. to $53,782). Additionally, the amended Form 1065 identified W. Robert Curtis as the tax matters partner. The amended Schedules K-1 identified Edwin C. Hamada, W. Robert Curtis, and Cheryl L. Riess-Curtis as equal individual shareholders in the Curtis-Hamada partnership and allocated each partner 33-1/3 percent of the profits and losses of the Curtis-Hamada partnership.[2]

Petitioners filed their Federal individual income tax return (Form 1040) for 1989 in or about August 1991. On their Form 1040, petitioners reported a loss in the amount of $35,854 (i.e., 2/3 of $53,782) reflecting petitioners' distributive share of the loss claimed by the Curtis-Hamada partnership on its amended Form

---

[2] Petitioners concede that the Hamada corporation and the Curtis corporation were partners in the Curtis-Hamada partnership and that such partnership is a TEFRA partnership. However, petitioners contend that 66-2/3 percent and 33-1/3 percent of the distributive share of the profits and losses should be allocated to the Curtis corporation and the Hamada corporation, respectively.

1065.  That amount reflects petitioners' distributive share of the loss as allocated on the amended Schedules K-1.

On or about June 16, 1993, respondent mailed to petitioners a notice of the beginning of an administrative proceeding (NBAP) with respect to the partnership's 1989 taxable year.  Concomitant therewith, respondent began auditing petitioners' individual income tax return for 1989.

On or about November 4, 1994, petitioners consented to extend the time to assess tax with respect to their individual income tax return for 1989.

On February 23, 1995, respondent mailed petitioners a notice of deficiency for the taxable year 1989.  In the notice of deficiency, respondent disallowed the $35,864 loss attributable to petitioners' interest in the Curtis-Hamada partnership.

Petitioners filed the petition in this case on May 26, 1995. In the petition, petitioners alleged, inter alia, that the loss attributable to petitioners' interest in the Curtis-Hamada partnership was improperly disallowed.

On July 5, 1995, respondent filed an answer to the petition. In the answer, respondent denied that the loss attributable to the Curtis-Hamada partnership was improperly disallowed.

On June 16, 1995, respondent mailed a notice of final partnership administrative adjustment (FPAA) for the taxable year

1989 to the Curtis-Hamada partnership.[3]  The FPAA determined that the income and losses from the Curtis-Hamada partnership should be allocated equally between the Hamada corporation and the Curtis corporation as indicated on the Schedules K-1 as originally filed.  On September 18, 1995, a petition was filed with the Court in respect of the FPAA.  That petition is styled "Curtis, Hamada & Curtis, Curtis & Riess-Curtis, P.C., Tax Matters Partner", docket No. 18481-95 and is presently pending before the Court.

In August 1995, respondent disclosed to petitioners that the notice of deficiency with respect to petitioners' individual income tax return was untimely mailed because the time prescribed by section 6501(a) for assessing any additional income tax in respect of petitioners' 1989 taxable year had expired before petitioners agreed to extend the time for assessment.  On this basis respondent proposed a settlement to petitioners that would eliminate the entire deficiency in income tax and additions to tax for 1989.

On August 31, 1995, the Court entered a decision in this case pursuant to the agreement of the parties.  The decision reflected the parties' agreement that petitioners were not liable for any deficiency in income tax or additions to tax for the taxable year 1989.

---

[3] The FPAA identified the Curtis corporation as the tax matters partner for the Curtis-Hamada partnership.

The 90th day after the Court entered the decision in this case was Wednesday, November 29, 1995.

On Tuesday, December 26, 1995, the one hundred and seventeenth day after the decision was entered, the Court received and filed respondent's Motion for Leave. On that same date, the Court received and lodged two additional motions submitted by respondent; namely, (1) A Motion to Vacate Decision (respondent's Motion to Vacate), and (2) a Motion to Dismiss for Lack of Jurisdiction and to Strike TEFRA Partnership Items (respondent's Motion to Dismiss for Lack of Jurisdiction).

Discussion

The question presented is whether grounds exist in this case for vacating what is otherwise a final decision. As explained in greater detail below, we will grant respondent's Motion for Leave to File Motion to Vacate Decision.

The decision in this case was entered on August 31, 1995. See sec. 7459(c). A decision of this Court becomes final upon expiration of the time to file a notice of appeal with respect to such decision. Sec. 7481(a)(1). Generally, a notice of appeal must be filed within 90 days after the decision is entered by this Court. Sec. 7483; Fed. R. App. P. 13(a). The 90-day appeal period may be extended by the timely filing of a motion to vacate or revise the decision. Fed. R. App. P. 13(a). Absent special leave of the Court, such a motion must be filed within 30 days after the decision has been entered. Rule 162. The disposition

of a motion for leave to file a motion to vacate or revise a decision lies within the sound discretion of the Court. Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1.

In the instant case, respondent did not file a notice of appeal or a timely motion to vacate or revise the decision entered August 31, 1995. Thus, the decision became final on Wednesday, November 29, 1995, 90 days after the decision was entered. Sec. 7481(a)(1).

Once a decision of this Court becomes final, we may vacate the decision only in certain narrowly circumscribed situations. Helvering v. Northern Coal Co., 293 U.S. 191 (1934). For instance, some courts have ruled that this Court may vacate a final decision if that decision is shown to be void, a legal nullity, for lack of jurisdiction over either the subject matter or the party, see Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111-112 (1978), or if the decision was obtained through fraud upon the Court, see Abatti v. Commissioner, 859 F.2d 115 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Senate Realty Corp. v. Commissioner, 511 F.2d 929, 931 (2d Cir. 1975); Stickler v. Commissioner, 464 F.2d 368, 370 (3d Cir. 1972); Casey v. Commissioner, T.C. Memo. 1992-672. In addition, some courts have indicated that the Tax Court has the power in its discretion, in extraordinary

circumstances, to vacate and correct a final decision where it is based upon a mutual mistake of fact, see La Floridienne J. Buttgenbach & Co. v. Commissioner, 63 F.2d 630 (5th Cir. 1933).[4]

In the present case, there is no allegation that the decision arose from either a fraud upon the Court or mutual mistake. Respondent's Motion for Leave is based solely on the allegation that the Court lacked jurisdiction to enter the decision of August 31, 1995. Specifically, respondent contends that the loss attributable to petitioners' interest in the Curtis-Hamada partnership, in the amount of $35,854, is a partnership item that must be determined at the partnership level. Therefore, in respondent's view, the Court lacked jurisdiction to enter a decision insofar as the decision purported to resolve the tax treatment of such partnership item.

It is undisputed that the tax treatment of any partnership item generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6231. TEFRA sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to a partnership's taxable years beginning after September 3, 1982. Sparks v. Commissioner, 87

---

[4] Although the U.S. Court of Appeals for the Sixth Circuit cited mutual mistake of fact as a grounds for vacating a final decision of this Court in Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955), the Sixth Circuit recently concluded that Reo Motors, Inc. was effectively overruled by virtue of the Supreme Court's affirmance of Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), affg. 22 T.C. 13 (1954), affd. per curiam 352 U.S. 1027 (1957). See Harbold v. Commissioner, 51 F.3d 618, 621-622 (6th Cir. 1995).

T.C. 1279, 1284 (1986); <u>Maxwell v. Commissioner</u>, 87 T.C. 783, 789 (1986).  Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit.  Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

A nonpartnership item is defined as an "item which is (or is treated as) not a partnership item."  Sec. 6231(a)(4).  These items are subject to the general procedures applicable to audits, deficiencies and refunds, and not the partnership rules.

A partnership item can become a nonpartnership item in certain circumstances.  Thus, section 6231(b)(1) provides in relevant part as follows:

> (1)  IN GENERAL.--For purposes of this subchapter, the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date--
>
>> (A) the Secretary mails to such partner a notice that such items shall be treated as nonpartnership items,
>
> * * * * * * *
>
>> (C) the Secretary enters into a settlement agreement with the partner with respect to such items, or

In this case there is no dispute that the loss attributable to the Curtis-Hamada partnership was a partnership item at the time that respondent mailed to petitioners the notice of deficiency and at the time that petitioners filed their petition in respect of such notice.  Petitioners contend, however, that such partnership item was converted into a nonpartnership item by

section 6231(b)(1)(A), or alternatively, by section 6231(b)(1)(C), and that the Court therefore had jurisdiction to enter the decision with respect to such item.  We address petitioners' contentions in turn.

Section 6231(b)(1)(A)

Petitioners contend that respondent's answer, filed July 5, 1995, constitutes notice from the Secretary that the loss would be treated as a nonpartnership item pursuant to section 6231(b)(1)(A).  Respondent contends that an answer is merely a responsive pleading and is not the type of "notice" envisioned by section 6231(b)(1)(A).

The Court is not aware of any case or regulation interpreting or defining the term "notice" as it is used in section 6231(b)(1)(A).  However, we need not define such term in this proceeding because at the time respondent filed her answer, she was not authorized to mail petitioners "notice" under section 6231(b)(1)(A).  This is because section 6231(b)(3) requires that notice under section 6231(b)(1)(A) be "mailed before the day on which the Secretary mails to the tax matters partner a notice of the beginning of an administrative proceeding at the partnership level with respect to such items".

In the present case, respondent issued the NBAP on or about June 16, 1993, and she filed her answer on July 5, 1995.  Under section 6231(b)(3), respondent was authorized to mail a notice of conversion pursuant to section 6231(b)(1)(A) only up until June

16, 1993, and not thereafter. Because respondent had no authority to issue a notice of conversion under section 6231(b)(1)(A) on July 5, 1995, respondent's answer does not constitute notice under section 6231(b)(1)(A).[5]

Section 6231(b)(1)(C)

Petitioners also contend that the stipulated decision agreed to by the parties constituted a settlement agreement that converted the partnership loss into a nonpartnership item under section 6231(b)(1)(C). Respondent contends that the stipulated decision did not convert the partnership loss into a nonpartnership item because the decision was not "with respect to" a partnership item. For the following reasons we agree with respondent.

As mentioned previously, a partnership item may become a nonpartnership item as of the date that "the Secretary enters into a settlement agreement with the partner with respect to such items". Sec. 6231(b)(1)(C) (emphasis added). In this case the parties agree that the basis for the stipulated decision was the statute of limitations on assessment under section 6501(a) and that the merits of the adjustments made by respondent in the notice of deficiency were not even considered, much less resolved. Thus, the decision does not reflect any agreement

_____

[5] Sec. 6231(b)(2) limits the permissible circumstances in which the Secretary can issue notice of conversion under sec. 6231(b)(1)(A). We note that petitioners presented no evidence with respect to the circumstances described in sec. 6231(b)(2).

between the parties with respect to a partnership item, or any adjustment set forth in the notice of deficiency for that matter. See sec. 7459(c).

Because there was no agreement with respect to the loss attributable to the Curtis-Hamada partnership, the partnership item in this case, section 6231(b)(1)(C) did not operate to convert such partnership item into a nonpartnership item.

We have considered petitioners' remaining arguments and do not find them persuasive.

Because section 6231(b)(1)(A) and section 6231(b)(1)(C) did not, at the time the decision was entered, convert the loss attributable to the Curtis-Hamada partnership into a nonpartnership item, such partnership loss was a partnership item over which this Court had no jurisdiction in this case. Accordingly, we will grant respondent's Motion For Leave to File a Motion to Vacate Decision Out of Time.

To reflect the foregoing,

<u>An appropriate order will</u>
<u>be issued</u>.