IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 22, 2010 Session

## EDDIE WARD, v. TERESA YOKLEY, et al.

**Appeal from the Chancery Court for Roane County**
**No. 16285     Hon. Frank V. Williams, III., Chancellor**

**No. E2009-02620-COA-R3-CV - FILED NOVEMBER 3, 2010**

In this action to enforce a contract to purchase real estate, the Trial Court declared the contract enforceable, the seller had breached the contract by refusing to sell to plaintiff, and held that a third party who had a lien against the property tortiously interfered with the sale. The Trial Judge rescinded the quit claim deed to Tyler Lawson from Yokley and assessed costs and damages. On appeal, we reverse the Trial Judge and hold the contract became unenforceable because plaintiff did not comply with the conditions set forth in the contract.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  D. MICHAEL SWINEY, J.,  and John W. McClarty, J., joined.

Carlyle Urello, Knoxville, Tennessee, for the defendant/appellant, Tyler E. Lawson.

Patrick L. Looper, Knoxville, Tennessee, for the defendant/appellee, Teresa Yokley.

Melanie E. Davis, Maryville, Tennessee, for the plaintiff/appellee, Eddie Ward.

### OPINION

Plaintiff/appellee Eddie Ward filed suit against defendant/appellee Teresa Yokley and

defendant/appellant Tyler Lawson, alleging that Teresa Yokley entered into a land sale contract (the Contract) with plaintiff but before the scheduled closing of the sale Ms. Yokley quit claimed the land to her step-brother, Tyler Lawson. The complaint alleges that the breach of the Contract by Ms. Yokley was willful and intentional and violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* (TCPA). The complaint goes on to allege that Tyler Lawson paid fifteen thousand dollars ($15,000.00) for the real property, which was three thousand dollars more than the amount plaintiff had contracted with Yokley to purchase the land. Plaintiff alleged that Lawson knew that there was a contract for the sale of the property between Ms. Yokley and plaintiff and that Lawson induced Yokley to breach the Contract. The complaint asks the Court to find the defendants violated the Contract as well as TCPA. Further, plaintiff further prayed for reasonable attorney's fees, closing costs, pursuant to the provisions of the TCPA, and punitive damages. Copies of the Contract and the quit claim deed were attached to the complaint.

Defendant Yokley answered, averring that at the time she entered into the Contract with Ward she was unaware that a lien interest held by a third party existed against the property, which prevented her from performing under the terms of the Contract. The existence of the lien was made known by Gay Lyn Robison. A closing on the sale of the real property with Mr. Ward was scheduled for September 30, but the closing agent, Admiral Title Company, cancelled the closing due to the existence of the lien. She denied that she had intentionally and willfully breached the Contract or violated the TCPA. Further, she likewise denied that Lawson had paid $15,000.00 for the property and that he knew of the existence of the Contract and induced her to breach the Contract.

Tyson Lawson answered, and specifically denied that the TCPA is applicable to plaintiff's claims against him, and he generally denied the averments of the complaint. Lawson further asserted that plaintiff failed to state a claim and that the Court order plaintiff to indemnify Lawson for all damages incurred because of the claim, including attorney's fees and costs, etc., pursuant to Tenn. Code Ann. § 47-18-109(a)(2).

Subsequently, plaintiff amended his complaint to ask for rescission of the deed granted to Tyler Lawson by Yokley.[1]

The transcript of the evidentiary hearing on the issues, shows the only evidence of plaintiff's damages was that he was not allowed to purchase the property he had contracted to buy from Yokley. He did not show that he had sustained any loss of closing costs or other damages and no evidence or argument was presented to support his prayer for punitive damages under the TCPA. At the close of the evidentiary hearing, counsel for plaintiff

---

[1]The record does not contain a written Order granting or denying the Motion.

moved, pursuant to Tenn. R. Civ. P. 15.02 that the Court "reform" the deed and "start all over again". No objection to the request was made by opposing counsel.

The Court stated its finding of fact and conclusions of law, and final judgment was entered on November 23, 2009. The Trial Court made the following findings of fact:

1. Teresa Yokley and Eddie Ward had a valid contract and she was willing to perform under the contract.
2. Ms. Yokley breached the contract as she had a responsibility to remedy the lien issue so she could fulfill her obligation under the contract to Mr. Ward.
3. Ms. Yokley was credible.
4. Ms. Yokley was prevented from fulfilling the contract by Ms. Robison whose actions were a "tortious interference" with the contract. Ms. Robison "deliberately and knowingly and maliciously, and with the intent of bringing about the downfall of this contract, meddled in the relationship between Mr. Ward and Ms. Yokley." [Ms. Robison] "succeeded in not only destroying the contract that Mr. Ward had with Ms. Yokley but succeeded in obtaining the property for her son.
5. Ms. Robison set out to secure this property for her son by first inducing a breach of the Yokley/Ward contract and then by securing the property on the best possible terms.

Although the Trial Court went on to stated that it was "skeptical" of the validity of the "so-called lien" He never held that the lien was valid or invalid. The Court stated that he was convinced that the "so-called lien" was used for the purpose of inducing a breach and securing the property for Mr. Lawson. The Court stated that this was a proper case for rescission of the deed from Yokley to Lawson, that Ward should have the opportunity to buy the property and that court costs were assessed to the defendants jointly and "all of the attorney fees and litigation expenses" were assessed to Lawson.

Lawson has appealed and raises these issues:

A. Whether the Trial Court erred when it issued its final order of rescission of the deed because it is outside the pleadings and penalized appellant Tyler Lawson for the act of a non-party?

B. Whether the Trial Court erred in ordering rescission of the deed when rescission was outside the pleadings, the Court found no wrong doing on the part of Tyler Lawson and the Court did not order return of the consideration given for the property?

C. Whether the Trial Court erred in applying the Tennessee consumer protection act, Tenn. Code Ann. § 47-18-101 *et seq.* To assess attorney's fees and litigation expenses against appellant Tyler Lawson and whether Mr. Lawson is entitled to recover damages, attorney's fees and litigation expenses for the wrongful pleading of the act?

D. Whether the Court erred in finding a nonparty, Gay Lynn Robison, induced a breach of a land sale contract under the circumstances presented?

In a non-jury case, our standard of review is *de novo. Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). With respect to the trial court's legal conclusions, however, there is no presumption of correctness. *Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d). This case, in part, involves the interpretation of a contract. As the interpretation of a contract is a question of law, *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn.1999). The trial court's interpretation of a contract is not entitled to a presumption of correctness under Tenn. R. App. P. 13(d) on appeal. *Angus v. Western Heritage Insurance* Co., 48 S.W.3d 728, 739 (Tenn. Ct. App. 2000).

We review the credibility determinations made by the trial court with great deference. *Keaton v. Hancock County Bd. of Educ.,* 119 S.W.3d 218, 223 (Tenn. Ct. App. 2003).

Appellants first issue raised on appeal is that the Trial Court erred when it ordered a rescission of the quit claim deed granted by Ms. Yokley to Mr. Lawson because plaintiff had not pled rescission of the deed in the complaint but only sought damages. This issue is without merit as a review of the transcript of the hearing reveals that at the close of the evidence, counsel for plaintiff moved, pursuant to Tenn. R. Civ. P. 15.02 that the Court reform the deed and "start all over again".

The Tennessee Supreme Court, in *Keisling v. Keisling*, 92 S.W.3d 374 (Tenn. 2002), discussed Tenn. Code Civ. P. 15.02 and noted that "at one time, a judgment that failed to conform to the pleadings on file when the judgment was rendered was necessarily void." *Id.* at 378 (citing *Fidelity-Phenix Fire Ins. Co. v. Jackson,* 181 Tenn. 453, 181 S.W.2d 625, 629 (1944)). The Court went on to state that the formal requirements of pleading had been relaxed as a result of the adoption of the Rules of Civil Procedure and that a "judgment deciding an issue not raised in the pleadings is no longer per se invalid." The Court used the example of Rule 15.02 that provides that issues tried by express or implied consent shall be treated in all respects as if they had been raised in the pleadings. *Id.* (citing *Varley v. Varley*,

934 S.W.2d 659, 665 (Tenn. Ct. App.1996)).

In this case, at the close of evidence, plaintiff's counsel moved, pursuant to the Rule, that the court reform the deed and "start all over again". No objection to this request was made by opposing counsel. Counsel's request and argument on this issue could have been articulated better, but the motion asked the Court to rescind the deed when he asked for reformation of the deed. The Trial Court interpreted the motion as asking for rescission, which he ultimately did, and in so doing, the Trial Court did not abuse its discretion as the rules relating to amendment of pleadings are liberal, vesting broad discretion in the trial court. *Biscan v. Brown*, 160 S.W.3d 462, 471 (Tenn. 2005).

We hold that plaintiff's prayer for a rescission of the quit claim deed was properly pled and before the Court.

The Trial Court held that there was a valid contract between Yokley and Ward and that Yokley breached the contract by not selling the property to Ward. Upon a finding of a breach of contract, the Court sought to find a suitable remedy for Ward, and as Ward had asked for a "reformation" or "rescission" of the deed to the property delivered to Lawson by Yokley, the Trial Court rescinded the deed and allowed Ward the right to purchase the property pursuant to the Contract between himself and Yokley.

As a threshold issue, we must consider whether the Trial Court's findings that the contract was valid and that Yokley breached the contract was a correct ruling.

The Supreme Court, in *Jane Doe, et al. v. HCA Health Services of Tennessee, Inc., d/b/a HCA Donelson Hospital,* 46 S.W.3d 191 (Tenn. 2001), discussed the elements essential to the formation of an enforceable contract as follows:

> A contract "'must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced.' " *Higgins v. Oil, Chem., and Atomic Workers Int'l Union, Local # 3-677,* 811 S.W.2d 875, 879 (Tenn.1991) (quoting *Johnson v. Central Nat'l Ins. Co. of Omaha,* 210 Tenn. 24, 34-35, 356 S.W.2d 277, 281 (Tenn.1962) (citations omitted)). Indefiniteness regarding an essential element of a contract may prevent the creation of an enforceable contract." *Jamestowne On Signal, Inc. v. First Fed. Sav. & Loan Ass'n,* 807 S.W.2d 559, 565 (Tenn.Ct.App.1990) (citing *Hansen v. Snell,* 11 Utah 2d 64, 354 P.2d 1070 (1960)). A contract " 'must be of sufficient explicitness so that a court can perceive what are the respective obligations of the parties.' " *Higgins,* 811 S.W.2d at 880 (quoting *Soar v. National Football League Players' Ass'n,* 550 F.2d 1287, 1290 (1st

Cir.1977); *see also Restatement (Second) of Contracts* § 33(2) (1981) ("The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.")

*Jane Doe v. HCA* at 196.

The parties do not dispute that the Contract between Yokley and Ward was valid and enforceable at the time of its inception. At trial, but not on appeal, Yokley took the position that when the "lien" against the property surfaced the Contract became invalid as there was a mutual mistake by the parties as they had thought the property was unencumbered when they entered into the agreement. The Contract explicitly addresses the parties obligations when an encumbrance on the property is discovered after the Contract had been entered into at the section entitled "Title and Conveyance" as follows:

A. Seller warrants that at the time of closing, Seller will convey or cause to be conveyed to Buyer or Buyer's assigns(s) good and marketable title to said Property by general warranty deed, subject only to
> (4) leases and other encumbrances specified in this Agreement
> If title examination, mortgage loan inspection or boundary line survey or other information discloses material defects, Buyer may
>> (1) accept the Property with the defects OR
>> (2) require Seller to attempt to remedy within fifteen (15) days after notification to Seller. If not remedied within fifteen (15) days, Buyer may elect to terminate this Agreement with refund of Earnest Money deposit to Buyer.

According to this provision of the Contract, Yokley was obligated to deliver to Ward at the closing good and marketable title to the Property subject only to any encumbrances listed in the Agreement. There were no encumbrances referenced in the Agreement. However, in the event, as happened here, a material defect in the title, such as a lien, is disclosed after the Contract has been made, Ward, as buyer, was permitted to take one of two courses of action. One, he could accept the property with the defect in the title or, two, he could require Yokley to attempt to remedy the defect within fifteen days after he learned of the defect. If the defect was not remedied within that period of time, then Ward had the right to terminate the contract and the earnest money would be returned to the buyer.

Ward testified that he learned of the alleged lien on the property from someone at his bank the day after Yokley called him and told him that the closing was off. Under the terms of the contract, he had two options, he could insist on going forward with the closing and accept it with the defect, or he could demand Yokley remedy the defect. If she failed to do

so, he could terminate the Contract. Ward did not exercise either option. He testified that upon learning of the lien, he hired a lawyer to take care of the problem and there was no evidence that the lawyer assisted Ward in following one of the two courses permitted in the contract.

The Trial Court stated that he found Yokley's testimony credible and he believed that she did not know of the lien prior to entering into the contract of sale with Ward. The evidence does not preponderate against this finding by the Trial Court. Accordingly, there was no fraud or undue influence on the part of Yokley when the contract was made. Accordingly, the contract was enforceable as stated. However, once the lien surfaced, Yokley was unable to proceed to closing with an unencumbered title and the contract became unenforceable unless Ward exercised one of the two contractual options granted a buyer under the circumstances. As Ward did not agree to accept the property with the encumbrance nor did he demand Yokley remedy the situation, the contract became unenforceable and there was no breach. *See Markow v. Pollock*, No. M2008-01720-COA-R3-CV, 2009 WL 4980264 at * 4 (Tenn. Ct. App. Dec. 22, 2009)(one of the essential elements of a breach of contract claim is the existence of an enforceable contract).

The Trial Court erred when it found that Yokley breached the Contract, and all of the Trial Court's other findings rested on the premise that the contract was enforceable and had been breached. Accordingly, the Trial Court's finding that Robison induced Yokley to breach the contract, the rescission of the deed granted by Yokley to Lawson and the award of attorney's fees and costs to Ward and against Lawson were error.

In sum, the Trial Court's order of rescission of the Quit Claim Deed recorded between Teresa Yokley and Tyson Lawson is reversed. The order that Eddie Ward be granted a reasonable period of time to purchase the subject real property in accordance with the terms of the Contract between himself and Yokley is reversed and set aside. The assessment of attorney's fees and litigation expenses assessed against Lawson are reversed, and the court cost taxed jointly against Yokley and Lawson are reversed. The court costs are taxed against Eddie Ward.

_____
HERSCHEL PICKENS FRANKS, P.J.